OTTONE A. CALANCA, Plaintiff-Appellant, v. D & S MANUFACTURING COMPANY, Defendant-Appellee.

First District (1st Division)   No. 86—0505

Opinion filed June 1, 1987.

Lane & Munday, of Chicago (Fred Lane and Thomas J. Nathan, of counsel), for appellant.

William C. Peterman, of Chicago, for appellee.

JUSTICE O'CONNOR delivered the opinion of the court:

Plaintiff, Ottone A. Calanca, appeals from the order of the circuit court of Cook County granting defendant's, D & S Manufacturing Company's, motion to dismiss plaintiff's complaint. For the reasons that follow, we affirm.

The pleadings reveal the following facts: Plaintiff, an Illinois resident, and defendant, a Wisconsin corporation, entered into an employment contract on February 1, 1983. Plaintiff was to act as a sales representative on behalf of defendant and was to perform his services in Illinois, primarily by procuring orders from Hycor and Rotec, Illinois corporations. He was paid mostly by commissions. The contract, which was for a term of three months, provided that the parties could extend the agreement from time to time by a written agreement. In addition, paragraph 10 of the contract provided:

> "10. *LITIGATION*: That the parties hereto agree that this agreement shall be interpreted in accordance with the laws of the State of Wisconsin and in the event of any litigation or claim by either party against the other, that proper forum for the resolution of such claim shall be the Circuit Court for Jackson County, Wisconsin."

On November 15, 1983, James Dougherty, the president of D & S Manufacturing, terminated plaintiff's employment prior to the expiration of the employment contract, but after plaintiff had obtained orders from Hycor and Rotec. On November 20, 1984, plaintiff filed a complaint for breach of contract against defendant in the circuit court of Cook County, Illinois, to obtain the commissions defendant owed him.

On December 28, 1984, defendant moved to dismiss the complaint pursuant to section 2—619 of the Illinois Civil Practice Law (Ill. Rev. Stat. 1985, ch. 110, par. 2—619). Defendant's two bases for dismissal were that: (1) the forum selection clause in the employment contract required that any litigation between the parties be held in the circuit court for Jackson County, Wisconsin, and (2) the doctrine of *forum non conveniens* required dismissal.

On January 28, 1986, after hearing arguments, the circuit court found that the venue clause in paragraph 10 of the contract was enforceable and granted defendant's motion to dismiss.

Plaintiff contends that paragraph 10 of the contract merely suggests that Wisconsin is a permissible, but not the exclusive, forum for litigation. We disagree.

■■ The clause at issue provides in part that the "proper forum *** *shall* be the Circuit Court for Jackson County, Wisconsin." (Emphasis added.) Case law has construed the words "shall" and "must," in a forum selection clause, to mean that the stated forum is exclusive. (See, *e.g., The Bremen v. Zapata Off-Shore Co.* (1972), 407 U.S. 1, 32 L. Ed. 2d 513, 92 S. Ct. 1907; *Coastal Steel Corp. v. Tilghman Wheelabrator, Ltd.* (3d Cir. 1983), 709 F.2d 190, *cert. denied sub nom. Coastal Steel Corp v. Wheelabrator-Frye, Inc.* (1983), 464 U.S. 938, 78 L. Ed. 2d 315, 104 S. Ct. 349; *Hoes of America v. Hoes* (C.D. Ill. 1979), 493 F. Supp. 1205.) By looking at the plain meaning of the clause at issue, it is obvious that it is mandatory. Plaintiff attempts to read around the plain meaning by arguing that "proper" merely means "suitable" or "fitting," but not exclusive. However, in doing so, plaintiff ignores the word "shall."

■■ Additionally, as support for his position, plaintiff cites *Walter E. Heller & Co. v. James Godbe Co.* (N.D. Ill. 1984), 601 F. Supp. 319, and *G.H. Miller & Co. v. Hanes* (N.D. Ill. 1983), 566 F. Supp. 305, where the district courts held that certain contract clauses were not enforceable as exclusive forum selection clauses. Those cases, however, are distinguishable. In them, the courts determined that certain clauses in a contract were consent to jurisdiction, not forum selection, clauses. Thus, when both parties to the contracts consented to jurisdiction in a particular forum, that forum was established as permissible for litigation, but not exclusive. In the instant case, however, the language in paragraph 10 was sufficiently different from the language in the clauses in *Heller* and *Miller* such that we find that paragraph 10 is a forum selection clause and not merely a consent to jurisdiction in Wisconsin.

■■ A forum selection clause in a contract is *prima facie* valid and should be enforced unless the opposing party shows that enforcement would be unreasonable under the circumstances. (*The Bremen v. Zapata Off-Shore Co.* (1972), 407 U.S. 1, 10, 32 L. Ed. 2d 513, 520-521, 92 S. Ct. 1907, 1913; *Friedman v. World Transportation, Inc.* (N.D. Ill. 1986), 636 F. Supp. 685, 689.) The opposing party must show:

"that trial in the contractual forum will be so gravely difficult

and inconvenient that he will for all practical purposes be deprived of his day in court. Absent that, there is no basis for concluding that it would be unfair, unjust, or unreasonable to hold that party to his bargain." *The Bremen v. Zapata Off-Shore Co.* (1972), 407 U.S. 1, 18, 32 L. Ed. 2d 513, 525, 92 S. Ct. 1907, 1917-1918.

See also *Hoes of America, Inc. v. Hoes* (C.D. Ill. 1979), 493 F. Supp. 1205, 1209.

■ Thus, in order to hold a forum selection clause unenforceable, enforcement must contravene the strong public policy of the forum or the chosen forum must be *"seriously* inconvenient for the trial of the action."* (Emphasis in original.) (*The Bremen v. Zapata Off-Shore Co.* (1972), 407 U.S. 1, 15-16, 32 L. Ed. 2d 513, 523-24, 92 S. Ct. 1907, 1916-17; See also *Hoes of America, Inc. v. Hoes* (C.D. Ill. 1979), 493 F. Supp. 1205, 1208-09.) However, even when one party claims inconvenience, if both parties freely entered the agreement contemplating such inconvenience should there be a dispute, one party cannot successfully argue inconvenience as a reason for rendering the forum clause unenforceable. (*The Bremen v. Zapata Off-Shore Co.* (1972), 407 U.S. 1, 16, 17-18, 32 L. Ed. 2d 513, 523, 524-525, 92 S. Ct. 1907, 1916-1917, 1918; *Friedman v. World Transportation, Inc.* (N.D. Ill. 1986), 636 F. Supp. 685, 690.) A choice of forum, which is made during an arm's-length negotiation between experienced and sophisticated businessmen, should be honored by the parties and enforced by the courts, absent some "compelling and countervailing reason" why it should not be enforced. *The Bremen v. Zapata Off-Shore Co.* (1972), 407 U.S. 1, 12, 32 L. Ed. 2d 513, 521-522, 92 S. Ct. 1907, 1914.

In determining whether a forum selection clause is unreasonable, certain factors should be considered:

"(1) which law governs the formation and construction of the contract; (2) the residency of the parties involved; (3) the place of execution and/or performance of the contract; *** (4) the location of the parties and witnesses participating in the litigation. [Citation.] *** (5) the inconvenience to the parties of any particular location; and (6) whether the clause was equally bargained for. [Citation.]" *Clinton v. Janger* (N.D. Ill. 1984), 583 F. Supp. 284, 289.

■ By applying the six *Clinton* factors to the case at bar, it is apparent that plaintiff has failed to meet his burden of proving the unreasonableness of the forum clause: (1) the governing law is that of Wisconsin, pursuant to paragraph 10 of the contract; (2) plaintiff resides in Illinois, and defendant resides in Wisconsin; (3) the contract

was executed in Wisconsin and was performed in Illinois; (4) the parties and witnesses are located in both Wisconsin and Illinois; (5) plaintiff will be inconvenienced if the trial is held in Wisconsin, and defendant will be inconvenienced if it is held in Illinois; and (6) it appears from the record that there was equal bargaining power between the parties. In any event, plaintiff did not argue that there was unequal bargaining or that he was disadvantaged in any way during the negotiations.

Plaintiff essentially contends that enforcement of the forum selection clause will be so inconvenient as to deprive him of his right to a fair and effective trial as guaranteed by the constitution. He argues that if the trial is held in Wisconsin he will be denied the opportunity to present adequate evidence because none of the seven witnesses he plans on calling are amenable to process in Wisconsin because those witnesses are Hycor and Rotec employees. On the other hand, all of defendant's witnesses are defendant's employees; therefore, plaintiff asserts, they could be compelled by defendant to testify in Illinois. In addition, most of the documents, and the individuals who could authenticate them, are located in Illinois. Thus, plaintiff maintains, if the trial is held in Wisconsin, plaintiff would effectively be deprived of his day in court because the only witness who would testify on behalf of the plaintiff would be the plaintiff himself. We disagree.

While it is probably true that defendant can compel its witnesses to testify in Illinois should the parties litigate here, plaintiff is not without remedy should they litigate in Wisconsin. Plaintiff can take depositions of his witnesses in Illinois, and although live testimony is preferred, he may read those depositions into evidence at trial in Wisconsin in lieu of the witnesses' live testimony. (Wis. Stat. sec. 804.07 (Supp. 1981-82); *Schoenauer v. Wendinger* (1971), 49 Wis. 2d 415, 420-423, 182 N.W.2d 441 (interpreting sec. 887.12, the predecessor to sec. 804.07. See also *Brantner v. Jenson* (1985), 121 Wis. 2d 658, 661 n.1, 360 N.W.2d 529, 531 n.1.) Thus, although it will be inconvenient for plaintiff to litigate in Wisconsin, it will not be so inconvenient that plaintiff will be deprived of his day in court.

Moreover, plaintiff knowingly signed the contract which contained paragraph 10. The print in that paragraph was the same size as the print in the rest of the contract. Paragraph 10 was prominent; it was not hidden. Furthermore, it was not part of a "boilerplate" agreement indicating unequal bargaining power. (See *G. H. Miller & Co. v. Hanes* (N. D. Ill. 1983), 566 F. Supp. 305, 309.) In any event, plaintiff does not allege that there was unequal bargaining power between defendant and him.

■ While we cannot determine whether Illinois or Wisconsin is clearly the better forum in which to litigate the present case because it appears that each party will be inconvenienced if the litigation takes place outside of their home forum, we do not find it necessary to do so. We realize that each party would prefer to litigate at home; however, when parties sign a contract which selects a mandatory forum for litigation, and no unequal bargaining power exists at the signing of the contract, then the parties must carry out their bargain as long as the inconvenience to one party is not so great as to deprive him of his day in court. *The Bremen v. Zapata Off-Shore Co.* (1972), 407 U.S. 1, 18, 32 L. Ed. 2d 513, 525, 92 S. Ct. 1907, 1918.

Because plaintiff has failed to show how he will be seriously inconvenienced, to the point of being deprived of his day in court if the trial is held in Wisconsin, we find that the forum selection clause in the employment contract is enforceable, and plaintiff will be held to his bargain, in which he agreed to the inconvenience of litigating in Wisconsin. See *Friedman v. World Transportation, Inc.* (N.D. Ill. 1986), 636 F. Supp. 685, 690 n.5.

Accordingly, the order of the circuit court dismissing the complaint is affirmed.

Affirmed.

QUINLAN, P.J., and BUCKLEY, J., concur.