van Gestel, J.
This case involves a commercial dispute concerning the termination of an agreement between the plaintiff, The Forum Corporation of North America (“Forum”), and the defendant Moore Corporation Limited (“Moore”), for training and development services to be provided by Forum to the employees of Moore. Forum instituted this action on February 13, 2001, asserting claims against Moore for breach of contract, breach of the covenant of good faith and fair dealing, and unjust enrichment. In addition, Forum alleged violations of chapter 93A against both defendants.[2] The defendants now move to dismiss Forum’s complaint for improper venue based on a forum selection clause contained within the parties’ agreement. On May 14, 2001, this Court held a hearing on the motion. For the following reasons, the defendants’ motion to dismiss is ALLOWED.
Background
Forum is a Delaware corporation with its corporate headquarters located in Boston, Massachusetts. Forum is a training and consulting firm specializing in assisting large companies. Moore is incorporated under the laws of the Province of Ontario, Canada, with its corporate headquarters located in Toronto. Moore also has executive offices in the United States located in Bannockburn, Illinois. The defendant, Moore North America, Inc. (“Moore NA”), is a Delaware corporation with its corporate headquarters located in Bannockburn, Illinois. Moore NA also has a usual place of business in Bridgewater, Massachusetts. As previously indicated, Moore NA is a wholly-owned subsidiary of Moore.
On October 20, 1997, Moore and Forum entered into the Moore/Forum Alliance Agreement (the “Alliance Agreement”) for the purposes of delivering training and development services to Moore employees. *244 Most of the training was to be conducted at the defendants’ office outside of Chicago, Illinois. Pursuant to Section 33(a) of the Alliance Agreement, the parties amended the agreement on at least two occasions.[3]
In August or September of 2000, Moore informed Forum that it no longer desired Forum’s services and gave notice that the contract was going to be terminated effective at the end of October of 2000. Forum accepted the termination and began cessation of its services. Forum also demanded a $300,000.00 termination fee, despite its inability to provide evidence of any costs incurred due to the termination. Moore contends that the $300,000.00 termination fee was previously deleted from the Alliance Agreement by assent. The termination fee, however, is the essence of Forum’s claims in this action.
With respect to Moore’s motion to dismiss Forum’s complaint based on improper venue, the relevant language of the Alliance Agreement appears within Section 33(i) which provides that “Moore and Forum hereby consent to the exclusive jurisdiction of, and venue in, any state or federal court within Cook or Lake County, Illinois for all purposes in connection with any action or proceeding relating to this Agreement.” Despite the forum selection clause in Section 33(i) of the Alliance Agreement, Forum brought suit against the defendants in Suffolk Superior Court, alleging various violations of the agreement.
In support of its contention that this forum is the proper venue for its claims, Forum posits the following arguments: (1) Moore is equitably estopped from asserting that the forum selection clause at issue here is still operative because Moore has asserted that the Alliance Agreement is at an end for all purposes: (2) Moore waived the forum selection clause by waiving compliance with Section 33(1) of the Alliance Agreement which provides a survival provision that in turn refers to both the dispute resolution procedures (Section 26) and the choice of law and forum selection provision (Section 33); (3) even under the terms of the Alliance Agreement, Forum is authorized by Section 26 to bring the present action;[4] and (4) because Moore has disavowed the Alliance Agreement, Forum is entitled to rely upon the disavowal, treat the agreement as terminated for all purposes, and seek damages in quantum meruit. In summary, Forum contends that it would be unfair, unjust, and unreasonable to enforce the forum selection clause in the present circumstances. Moore seeks enforcement of the forum selection clause on the basis that it survives the termination of the Alliance Agreement and its terms are both fair and reasonable.

Discussion

As noted above, Forum contends that the forum selection clause should not be enforced because the Alliance Agreement was terminated for all purposes, therebyrenderingthe clause inoperative. Pursuant to Section 33(i) of the Alliance Agreement, Illinois law governs interpretation of the contract. In that regard, “[ujnless the contract specifically indicatesotherwise.aforumselectionclausesurvivesthe terminationofthecontract.” Advent Electronics, Inc. v. Samsung Semiconductor, 709 F.Sup. 843, 846 (N.D. Ill. 1989). In fact, Section 33(1) of the Alliance Agreement specifically provides that “(t]he provisions of Sections . . . and 33 shall survive the expiration of the term and the termination of the Agreement.” Thus, there is no implication, either express or implied, that the forum selection clause was not intended to survive the termination of the agreement. Accordingly, this Court finds that the forum selection clause survived the termination of the Alliance Agreement.
Forum also contends, however, that the forum selection clause is unenforceable because Moore disavowed the Alliance Agreement for all purposes when it failed to submit the matter to ADR. On this issue, the Court has received contradictory affidavits from the parties.[3] The contradictory statements do not effect the outcome of the Court’s inquiry. The fact that the dispute was not submitted to ADR does not mandate a finding that Moore disavowed the agreement for all purposes. The only authority offered by Forum in support of its position is a statement that it attributes to a member of Moore’s legal department, who unequivocally denies the same. Therefore, Forum has not adduced enough evidence for this Court to conclude that Moore declared that the Alliance Agreement was terminated for all purposes. The fact that Forum has brought suit under the contract compels the same conclusion. Accordingly, the Alliance Agreement and the survival provision contained therein remain intact. Consequently, the forum selection clause remains operative.
The only issue remaining before this Court is the enforceability of the forum selection clause contained within the Alliance Agreement. In accordance with the choice of law provision contained within the parties’ agreement, the enforceability and interpretation of the forum selection clause are dependent upon Illinois law.[6] Both Illinois and Massachusetts enforce such clauses if they are found to be fair and reasonable. Cambridge Biotech Corp. v. Pasteur Sanoft Diagnostics, 433 Mass. 122, 133-34 (2000); Maher & Associates, Inc., supra at 69. Furthermore, Illinois law holds that a forum selection clause in a contract is prima facie valid. Calanca v. D&S Manufacturing Co., 157 Ill.App.3d 85, 86 (1987). In fact, Illinois courts will enforce a forum selection clause unless it contravenes the public policy of the state in which the case is brought, or if the chosen forum would be so gravely inconvenient for trial that the opposing party would be deprived of his day in court. Id. at 87-88, citing The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 18 (1972). In short, a forum selection clause “should be enforced *245 unless the opposing party shows that enforcement would be unreasonable under the circumstances.” Calanca, supra at 87 (citations omitted).
To determine whether a forum selection clause is reasonable, the Illinois courts consider the following factors: (1) which law governs the formation and construction of the contract; (2) the residency of the parties involved; (3) the place of execution and performance of the contract; (4) the location of the parties and witnesses participating in the litigation; (5) the inconvenience to the parties of any particular location; and (6) whether the clause was equally bargained for. Calanca, supra at 88-89, quoting Clinton v. Janger, 583 F.Sup. 284, 289 (N.D. Ill. 1984). Forum focuses this facet of its argument mainly on its allegation of unequal bargaining power in the negotiation of the Alliance Agreement. As evidence of its inferior bargaining position, Forum cites its lack of in-house counsel,’ the fact that Moore’s counsel drafted the agreement, and that it has revenues allegedly greatly disparate than those of Moore. These factors alone do not compel a finding of unequal bargaining power.
The fact that one party selects the language in an agreement does not make a forum selection clause unenforceable. See Jacobson, supra at 579 (citations omitted). The Jacobson court accounted for that factor by not reading the language expansively in favor of the drafter. Id. In fact, in enforcing a forum selection clause, the Supreme Judicial Court noted that it was not alleged that it was “obtained by fraud, duress, the abuse of economic power, or any other unconscionable means.” Cambridge Biotech Corp., supra at 131 n.8 (2000) (citations omitted). In that regard, Forum contends that “Moore . . . forced Forum to agree to the forum selection clause by utilizing its remarkable advantage in economic power.” This conclusory statement is simply unpersuasive in light of the status of Forum as a corporation. Forum is an international corporation with nearly a dozen offices worldwide, including an office in Illinois, which is the forum designated by the selection clause. Moreover, by its own admission, Forum’s revenues for the year 2000 were approximately $70 million dollars. It is clear to this Court that both parties are substantial corporations.[7] As such, there is no evidence that Moore obtained the forum selection clause by unconscionable means, to wit, unequal economic power.
Furthermore, Forum has not met its burden with respect to its contention that litigating this action in Illinois would be inconvenient. Forum is required to show that litigating in Illinois would be so “gravely difficult and inconvenient” that it “will be deprived of its day in court." The Bremen, supra at 18. In fact, both parties maintain offices within the designated forum. Moreover, whatever inconvenience the plaintiff may suffer by being required to litigate in Illinois was clearly foreseeable at the time the contract was made. Cambridge Biotech Corp., supra at 133 n. 15, citing The Bremen, supra at 16-17. Therefore, in light of the applicable law, enforcement of the forum selection clause would be both fair and reasonable. Accordingly, the defendants’ motion to dismiss Forum’s complaint is appropriate.

Order

For the foregoing reasons, it is hereby ordered that the defendants’ motion to dismiss pursuant to Mass.R.Civ.P. 12(b)(3) be ALLOWED.

 Moore North America, Inc. is a wholly owned subsidiary of Moore Corporation Limited. The two entities are collectively referred to as “the defendants.”

 Section 33(a) of the Alliance Agreement provided, inter alia, that its terms could not be amended “unless in writing and signed by the parties.” The two amendments referred to appear to relate to the management fee which is referenced at Exhibit E to the Alliance Agreement.

 Section 26 of the Alliance Agreement is a dispute resolution provision which essentially provides that any disputes that the parties are unable to resolve shall be submitted to an alternative dispute resolution process. In that regard. Forum argues that the dispute resolution clause and forum selection clause are inextricably related, therefore, the waiver of the former clause results in the waiver of the latter clause.

David Blount [employee of Forum] states within his affidavit that “Deidre Brekke [employee of Moore] reiterated that Moore’s position was that the Alliance Agreement was no longer valid for any purpose and that Section 26 was thus not applicable to the current dispute.” (Blount Aff., ¶5.) In contrast, Ms. Brekke states within her affidavit that “I never at anytime told Mr. Brennan [Mr. Blount’s successor] or anyone else that the contract was superseded or suspended for all purposes.” (Brekke Aff., ¶6.) In addition, Brekke maintains that Forum never requested that the matter be submitted to ADR at a particular time or location. In contrast, Blount states that “Moore would not agree to proceed pursuant to Section 26.” (Blount Aff., ¶4.)

 The Supreme Judicial Court has held that Massachusetts state courts should give effect to the law reasonably chosen by the parties to govern their rights under contracts as long as there is no substantial conflict with Massachusetts public policy and the designated state has some substantial relation to the contract. Jacobson v. Mailboxes Etc. U.S.A, Inc., 419 Mass. 572, 575 (1995). Illinois and Massachusetts apply a similar standard in enforcing forum selection clauses. See Jacobson, supra at 574-75; Maher & Associates, Inc. v. Quality Cabinets, 267 Ill.App.3d 69, 74-75 (1994). Moreover, Illinois has a substantial relation to the contract as both parties have offices in the state, most of the services rendered were within the state, and many of the potential witnesses in this case are located within the state.

 Similarly, in recently affirming this Court’s dismissal of an action based on a forum selection clause, the Supreme Judicial Court commented that “[h]ere two sophisticated parties voluntarily agreed in advance that any action arising under the... agreement would be brought in the home courts of the respective defendant.” Cambridge Biotech Corp., supra at 133.