**Robert BAGG, et al., Plaintiffs**

v.

**HIGHBEAM RESEARCH, INC., The Gale Group, Inc., & Cengage Learning, Inc., Defendants.**

**No. 11–cv–30199–MAP.**

United States District Court,
D. Massachusetts.

May 17, 2012.

**42**

Jeffrey S. Morneau, Connor Morneau & Olin, LLP, Springfield, MA, for Plaintiffs.

Justin E. Klein, James Rittinger, Satterlee, Stephens, Burke & Burke LLP, New York, NY, Patrick J. Markey, O'Shea Getz P.C., Springfield, MA, for Defendants.

*MEMORANDUM AND ORDER REGARDING DEFENDANTS' MOTION TO DISMISS* (Dkt. No. 10)

PONSOR, District Judge.

## I. INTRODUCTION

This is a putative class action brought by a group of consumers against Defendants HighBeam Research, Inc. ("High Beam"), The Gale Group, Inc. ("Gale"), and Cengage Learning, Inc. ("Cengage"). The Amended Complaint alleges that Defendants used deceptive and misleading tactics to trick consumers into purchasing monthly or yearly subscriptions to an online research database and charged consumers' credit cards without their knowledge or consent. The Amended Complaint contains claims for violations of Massachusetts and Illinois consumer protection laws as well as a claim for unjust enrichment.

Defendants have filed a motion to dismiss (Dkt. No. 10), arguing that a forum selection clause contained in a "clickwrap agreement" on the HighBeam website—an agreement whereby assent is given by clicking an "I agree" button on the screen—requires that all actions relating to the agreement be litigated in Illinois. Plaintiffs oppose the motion on the grounds that the forum selection clause does not apply. For the reasons stated below, the court will (1) deny the motion to dismiss, without prejudice, (2) give the parties a brief period to conduct limited discovery to resolve several easily resolvable factual disputes, and (3) establish a timetable for Defendants to re-file an appropriate dispositive motion if needed.

## II. *BACKGROUND*

Defendants provide online research services on www.HighBeam.com. Plaintiffs allege that they signed up for free seven-day trial subscriptions for these services and were subsequently charged for monthly or yearly subscriptions without their knowledge or consent. Plaintiffs allege that Defendants failed to disclose all of the material terms of the free trials, including that the trials would automatically convert into paid monthly or yearly subscriptions unless the consumer took affirmative action to cancel during the trial period. Plaintiffs further allege that Defendants did not obtain consumers' express informed consent before charging them for subscriptions and did not provide consumers with a simple mechanism for stopping recurring charges for the subscriptions.

Plaintiffs have not alleged entering into any contract with Defendants or offered any explicit claims in their Amended Complaint for breach of contract. However, according to Defendants, all consumers must click "I agree to the terms and conditions" on the HighBeam website in order to enroll in their free trial. The phrase "terms and conditions" is hyperlinked to the HighBeam Research, Inc. User Agreement ("Agreement"), which purports to be "between HighBeam Research, Inc..... and you as a user ... who accesses or establishes a connection to our services ...." (Dkt. No. 11, Ex. B, § 1.1.) The Agreement also applies to HighBeam's "successors, trustees, and assigns." (*Id.* § 12.1.) This type of agreement is commonly referred to as a "clickwrap agreement."

While Plaintiffs have not alleged entering into this Agreement and have not attached a copy of the Agreement to the Amended Complaint, the Amended Complaint contains a brief mention of the "terms and conditions form." (Am. Compl. ¶ 46(f) ("Defendants placed some material terms in the terms and conditions form that it knew or should have known that consumers did not typically read.").)

The version of the Agreement attached to Defendants' motion contains a forum selection clause, which mandates that all disputes relating to the Agreement be handled in the Northern District of Illinois:

> You expressly consent to the exclusive forum, jurisdiction, and venue of the Courts of the State of Illinois in Cook County and the United States District Court for the Northern District of Illinois in any and all action, disputes, or controversies relating to this Agreement.

(Dkt. No. 11, Ex. B, § 11.1.)

During a hearing on the motion to dismiss, Plaintiffs raised the possibility that the text of the terms and conditions form they agreed to when signing up for free trials between 2006 and 2010 [1] was different from the text of the Agreement currently before the court. Plaintiffs claim that they do not know whether they assented to any agreement and, if they did, whether that agreement contained a forum selection clause. Plaintiffs also raised questions about the process of signing up for free trials, suggesting that Plaintiffs may have been required to provide Defendants access to their credit card information *before* having the opportunity to read and assent to the Agreement language containing the forum selection clause.

## III. *DISCUSSION*

Defendants, as noted, have moved to dismiss the Amended Complaint on the

---

1. Plaintiffs allege that Plaintiff Kathleen Geisse signed up for a free trial of High-Beam's services in 2006. The other plaintiffs signed up for free trials in 2010.

basis of the forum selection clause. Plaintiffs argue that the court may not consider the clause or any other part of the Agreement on a motion to dismiss, and that the clause does not apply to Plaintiffs' claims in any event, since their claims are not contractual in nature. Plaintiffs also argue that, even if their claims fell within the scope of the forum selection clause, the Agreement applies only to Defendant HighBeam.

Plaintiffs' substantive arguments regarding the applicability of the forum selection clause are unconvincing. However, several disputed factual issues—easily resolvable through modest discovery—must be resolved before the court can issue a ruling on any preliminary dispositive motion. The court's analysis of the parties' substantive arguments not requiring discovery is below.

A. *Whether the Court May Consider the Agreement on a Motion to Dismiss.*

■ "The fate of a motion to dismiss under Rule 12(b)(6) ordinarily depends on the allegations contained within the four corners of the plaintiff's Complaint." *Young v. Lepone,* 305 F.3d 1, 11 (1st Cir. 2002). Plaintiffs argue that Defendants have impermissibly gone outside of the pleadings by citing the Agreement, which is not referenced in or attached to the Amended Complaint.

■ There are, however, some exceptions to the general rule that a motion to dismiss must be limited to the allegations in the complaint. Of particular relevance here, "[w]hen ... a complaint's factual allegations are expressly linked to—and admittedly dependent upon—a document (the authenticity of which is not challenged), that document effectively merges into the pleadings and the trial court can review it in deciding a motion to dismiss under Rule 12(b)(6)." *Beddall v. State St.*

*Bank & Trust Co.,* 137 F.3d 12, 17 (1st Cir.1998). Plaintiffs' claims are all essentially dependent upon the Agreement, or in any event inextricably entwined with it. The court may therefore consider the terms of the Agreement in ruling on the motion to dismiss, assuming the Agreements before Plaintiffs at the time they entered in the "free" trial period are substantively identical to the one proffered by Defendants as part of their motion to dismiss.

Apart from arguing that this court should not consider the Agreement at all, Plaintiffs, as noted, point out that Defendants may not be offering the correct Agreement. Moreover, Plaintiffs claim that they do not know whether the High-Beam website required consumers to assent to an agreement when Plaintiffs used HighBeam's services and, if it did, whether the version of the Agreement attached to Defendant's motion is the same as the version Plaintiffs agreed to from 2006 to 2010. Defendants' counsel stated during oral argument that he believed no substantive changes have been made to the Agreement between 2006 and today. However, Defendants have offered no evidence that the Agreement that Plaintiffs assented to, if any, was identical to the Agreement that is currently before the court. Without clear evidence that Plaintiffs assented to an agreement that contained a forum selection clause, this court cannot enforce any such clause. To bring these issues into focus, the court will deny Defendants' current motion to dismiss without prejudice, set a schedule permitting the parties to conduct limited discovery, and establish a timetable for a further dispositive motion.

Plaintiffs attempt to make the argument that, even if discovery reveals a substantive identity between the Agreements in force when they entered into their trial

periods and the one currently offered by Defendants, the court would still be barred from considering the Agreement, because their claims are not linked to or dependent upon it. For reasons that will be discussed now this argument is unpersuasive.

## B. *Whether the Forum Selection Clause Applies to Plaintiffs' Claims.*

■■■■ Forum selection clauses are valid and enforceable, unless the resisting party shows that enforcement would be unreasonable under the circumstances.[2] *Silva v. Encyclopedia Britannica Inc.*, 239 F.3d 385, 386 (1st Cir.2001).[3] With regard to forum selection clauses in clickwrap agreements—despite the fact that probably less than one person in 10,000 ever reads them, or has the slightest idea what they say—courts routinely hold that they are valid and enforceable. *See, e.g., Hughes v. McMenamon*, 204 F.Supp.2d 178, 181 (D.Mass.2002) ("Forum selection clauses of the type used by AOL, sometimes referred to as 'clickwrap' agreements, have been upheld as valid and enforceable."). The question at issue here is whether Plaintiffs' claims fall within the scope of the forum selection clause.

The forum selection clause states that "any and all actions, disputes, or controversies relating to this Agreement" must be brought in the Northern District of Illinois. (Dkt. No. 11, Ex. B, § 11.1.) The First Circuit has interpreted the term "relating to" in forum selection clauses to be very broad. *Huffington v. T.C. Group, LLC*, 637 F.3d 18, 22 (1st Cir.2011) (noting that the term "related to" is synonymous with "in connection with" and "associated with," broader than "arising out of," "broader than the concept of a causal connection," and means only "connected by reason of an established or discoverable relation" (internal citation omitted)). As a result, courts have held that tort and statutory claims may "relate to" a contract and fall within the scope of a forum selection clause, even if the complaint contains no explicit contract claims. *See, e.g., id.* at 22–23 (affirming dismissal of claims for negligent misrepresentation and unfair deceptive trade practices under Massachusetts consumer protection laws because they fell within the scope of a forum selection clause even though the complaint contained no contract claims); *Somerville Auto Transp. Serv., Inc. v. Auto. Fin. Corp.*, 691 F.Supp.2d 267, 272 (D.Mass. 2010) ("[I]t is clear that the conduct underlying all of Somerville's claims emerged from or was governed by the relevant agreements. Plaintiff cannot avoid the enforcement of applicable forum selection clauses simply by adding tort allegations to the Complaint."); *Doe v. Seacamp Ass'n, Inc.*, 276 F.Supp.2d 222 (D.Mass. 2003) (holding that forum selection clause applied to tort claims that arose out of a contractual relationship and noting that "[i]f 'forum selection clauses are to be enforced as a matter of public policy, that

---

**2.** Plaintiffs have not argued that enforcement of the clause, if it applies to Plaintiffs' claims, would be unreasonable.

**3.** Defendants note that, pursuant to a choice of law provision in the Agreement, Illinois law governs this case. (Dkt. No. 11, Ex. B, § 11.1.) However, there is no conflict between federal common law, Massachusetts law, and Illinois law regarding the enforceability of forum selection clauses. *See Doe v. Seacamp Ass'n*, 276 F.Supp.2d 222, 224 (D.Mass.2003)

("[F]ederal common law and Massachusetts law treat forum selection clauses identically."); *Calanca v. D & S Mfg. Co.*, 157 Ill. App.3d 85, 87–88, 109 Ill.Dec. 400, 510 N.E.2d 21 (1987) (relying on the Supreme Court's decision in *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972), to analyze forum selection clauses). Consequently, the court need not decide which law applies in this diversity case.

same public policy required that they not be defeated by artful pleadings [of tort claims]' " (internal citation omitted)).

In light of this precedent, it is clear that Plaintiffs' claims "relate to" the Agreement even though they are pled as tort and statutory claims. First, according to Defendants, Plaintiffs could not have accessed HighBeam's services and, thus, would not have *any* cause of action against HighBeam without entering into the Agreement.[4] Second, Plaintiffs' claims center on the allegation that HighBeam failed to disclose material terms, some of which Plaintiffs admit "Defendants placed . . . in the terms and conditions form. . . ." (Am. Compl. ¶ 46(f).) Finally, the Amended Complaint includes a claim under the Illinois Automatic Contract Renewal Act, which revolves around a contract between Plaintiffs and Defendants. (*See, e.g., id.* ¶¶ 85–87 (alleging that "[t]he contract automatically renews unless the consumers, such as Plaintiffs and the Class, cancel the contract"; that "Defendants failed to disclose the automatic renewal clause clearly and conspicuously in the contract"; and that "[t]he contract term is a specified term of twelve month or more").) Although the Amended Complaint does not explicitly state that the contract at issue in this claim is the Agreement, Plaintiffs have not identified any other contract to which these allegations could refer.

Plaintiffs argue that their claims relate to disclosures on HighBeam's website, not in the Agreement. However, as already mentioned, Plaintiffs admit that some disclosures were made in the Agreement. (*Id.* ¶ 46(f).) Even if this were not the case, the First Circuit's decision in *Huffington* defeats Plaintiffs' argument. In *Huffington*, the plaintiff argued that his

tort and statutory fraudulent misrepresentation claims did not relate to his contract with the defendant because the misrepresentations "would be actionable regardless of whether the parties executed a contract." 637 F.3d at 22. However, as the First Circuit noted, the misrepresentations were actionable "because they caused him to enter into an agreement whereby he made an unfavorable purchase" and, thus, the claims related to the agreement. *Id.* The allegations in this case are analogous as Plaintiffs allege that Defendants' misrepresentations caused Plaintiffs to sign up for HighBeam's free trial, which necessitated agreeing to the clickwrap agreement. If Plaintiffs had not entered into the Agreement, they would not have sustained any losses.

The cases Plaintiffs rely on in which courts held that forum selection clauses did not apply arose from factual scenarios that are easily distinguishable from the case at hand. *See Bay State Anesthesia Inc. v. Mallinckrodt, Inc.,* No. CIV.A. 02–11174RWZ, 2002 WL 31761286, at *1 (D.Mass. Dec. 6, 2002) (holding that the plaintiff's claims fell outside the scope of the forum selection clause because they were either not related to the contract—such as claims that the defendants made "disparaging and untrue statements" to plaintiff's customers—or concerned conduct that occurred after the contract was terminated); *Pixel Enhancement Labs., Inc. v. McGee,* No. CIV. A. 97–12283–RGS, 1998 WL 518187 (D.Mass. Aug. 5, 1998) (holding that claims were not related to a license agreement, which contained a forum selection clause, in part because the "bulk of the claims" were against a defendant who was not a party to the agreement for breaches of employment contracts,

---

**4.** Plaintiffs dispute this point and the court, as noted, will allow limited discovery on this issue.

which did not contain forum selection clauses, and for disclosure of trade secrets).

## C. *Unresolved Factual Disputes.*

■ There remain several factual disputes that must be resolved before the court can rule on any dispositive motion.

First, because Plaintiffs dispute the authenticity of the Agreement, it is necessary to determine whether Plaintiffs in fact were required to click on an "I agree" screen button when they signed up for free trials from 2006 to 2010 and, if so, whether that agreement was substantively identical to the one now before the court and contained a forum selection clause.

Next, it is necessary to confirm the sequence that a consumer had to follow to sign up for a free trial in 2006 and 2010. Plaintiffs' counsel argued during the motion hearing that Plaintiffs may have had to surrender their credit card information *before* clicking "I agree." Defendants' counsel stated that, even if Plaintiffs had to first enter their credit card information before clicking "I agree," it would have been impossible for Defendants to charge the credit cards or use the credit card information in any way unless Plaintiffs eventually clicked "I agree." The court agrees that the relevant issue is not the sequence Plaintiffs followed to sign up for free trials, but whether Plaintiffs could have suffered any losses without assenting to the Agreement. If there are circumstances Plaintiffs are aware of in which consumers could involve themselves in an injurious relationship with Defendants without assenting to the Agreement, the court's decision regarding the applicability of the forum selection clause could be affected. Discovery is needed on this issue.

Finally, Plaintiffs argue that the forum selection clause is limited to Defendant HighBeam. While the Agreement states that it "shall be binding upon and inure to the benefit of HighBeam and its successors, trustees, and assigns," (Dkt. No. 11, Ex. B, § 12.1), Plaintiffs contend that the exact relationship among Defendants is unknown. Defendants' counsel proffered that HighBeam recently merged into Gale and that Cengage is the parent company of Gale. He stated that Defendants had no objection to conducting limited discovery on this issue.

## IV. *CONCLUSION*

In sum, Defendants motion to dismiss (Dkt. No. 10) is hereby DENIED, without prejudice.

The parties will have two weeks from the date of this memorandum to informally exchange information to resolve the three discrete issues identified by the court. The court is confident that neither side will waste time—the court's or their own—over-complicating factual inquiries where the facts are obvious. On the other hand, counsel have obligations to their clients to make sure that the record is clear, or the existence of genuine disputes made plain to the court. Counsel will report to the court, in writing, on or before May 31, 2012 as to the outcome of these informal exchanges and their proposal for further proceedings, if necessary.

If counsel are not able to resolve some or all of the issues identified by the court through informal methods, Plaintiffs will have sixty days to serve formal interrogatories and take depositions on one or more of the three issues identified by the court. Upon completion of discovery, on or before August 17, 2012 Defendants may file a renewed dispositive motion, styled as a motion to dismiss, motion for judgment on the pleadings, or motion for summary judgment, as appropriate. Plaintiffs will have until September 14, 2012 to file their

opposition, and the court will thereafter take Defendants' motion under advisement on the papers or set it for oral argument.

It is So Ordered.