# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *Brandt v. MillerCoors, LLC*, 2013 IL App (1st) 120431

---

| | |
|---|---|
| Appellate Court Caption | WILLIAM BRANDT, JR., as Assignee for the Benefit of Creditors of Entec International NA, LLC, Plaintiff-Appellant, v. MILLERCOORS, LLC, Defendant-Appellee. |
| District & No. | First District, Second Division<br>Docket No. 1-12-0431 |
| Filed | June 18, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Plaintiff's breach of contract action filed in Illinois was properly dismissed pursuant to the forum selection clause of a contract under which plaintiff was to provide parts procurement and other services to defendant's breweries, since the contract expressly provided that Colorado law governed without regard to conflicts of law, plaintiff failed to carry its burden of proving the unreasonableness of the selected forum, there was no indication plaintiff did not have an opportunity to negotiate the clause or was forced into accepting it, and the clause was part of defendant's standard contracts. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 11-L-3361; the Hon. Joan E. Powell, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Scott A. Morgan & Associates, Ltd. (Scott A. Morgan, of counsel), and Bischoff Partners, LLC (Monica A. Forte, of counsel), both of Chicago, for appellant.

McGuireWoods LLP, of Chicago (Richard T. Greenberg and Andrew R. Woltman, of counsel), for appellee.

Panel

PRESIDING JUSTICE HARRIS delivered the judgment of the court, with opinion.

Justices Quinn and Simon concurred in the judgment and opinion.

## OPINION

¶ 1      In this appeal, we are called upon to determine whether a contractual forum selection clause requires the parties to litigate an allegedly "fraudulently induced contract" in Colorado as opposed to Illinois, where both parties are headquartered. We conclude that the forum selection clause is valid and for the reasons stated hereafter affirm the trial court.

¶ 2      Plaintiff, William Brandt, Jr., as assignee for the benefit of creditors of Entec International NA, LLC (Entec), appeals the order of the trial court dismissing his breach of contract, fraudulent scheme, unjust enrichment, and commercial disparagement claims against defendant, MillerCoors, LLC (MillerCoors), pursuant to section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 2010)). On appeal, plaintiff contends the forum selection clause of his contract with MillerCoors should not be enforced because (1) it effectively denies Entec its day in court; (2) Entec had no opportunity to negotiate the forum selection clause; and (3) MillerCoors fraudulently induced Entec to enter into the contract containing the forum selection clause.

¶ 3                               JURISDICTION

¶ 4      The trial court granted MillerCoors' motion to dismiss on January 12, 2012. Plaintiff filed a notice of appeal on February 10, 2012. Accordingly, this court has jurisdiction pursuant to Illinois Supreme Court Rules 301 and 303 governing appeals from final judgments entered below. Ill. S. Ct. R. 301 (eff. Feb. 1, 1994); R. 303 (eff. May 30, 2008).

¶ 5                               BACKGROUND

¶ 6      Entec is an Illinois limited liability company providing professional parts procurement and management services. MillerCoors is a Delaware limited liability company headquartered in Chicago, Illinois. It is the second largest brewer in the United States with approximately 30% of the market share. In 2007, MillerCoors sought to reduce its costs and

began discussions with Entec about its services. From July 2009 to early 2010, decision-makers from both companies met at several locations to discuss a possible agreement between Entec and MillerCoors. The meetings took place in Chicago, Illinois; Milwaukee, Wisconsin; and Golden, Colorado. Three of the five meetings occurred in Colorado, where MillerCoors' strategic sourcing and procurement operations are based.

¶ 7　　On March 1, 2010, Entec and MillerCoors entered into a contract in which Entec agreed to provide parts procurement and other services for MillerCoors' breweries located in Georgia, North Carolina, Virginia, and Ohio. Pursuant to the agreement, Entec made capital investments and hired personnel. The agreement required Entec to assign two agents to each of the four breweries and provide, from its base in Illinois, administrative and logistical support to those agents. MillerCoors' administration of the agreement would take place primarily in Colorado, as well as in Wisconsin and North Carolina. None of MillerCoors' employees responsible for implementing the agreement with Entec were located in Illinois.

¶ 8　　The agreement was one of MillerCoors' standard contracts, and the parties did not discuss or negotiate either the forum selection clause or the choice of law clause contained therein. The clause states as follows:

> "This Agreement is governed by the laws of the state of Colorado without regard to its conflicts of law provisions. COMPANY WAIVES ALL RIGHTS TO TRIAL BY JURY IN ANY LITIGATION ARISING FROM OR RELATED TO THIS AGREEMENT. Any litigation or enforcement of an arbitration award must be brought in District Court, Jefferson County, State of Colorado or the U.S. District Court for the District of Colorado, as appropriate. Each party consents to personal and subject matter jurisdiction and venue in such courts and waives the right to change venue. The parties acknowledge that all directions issued by the forum court, including injunctions and other decrees, will be binding and enforceable in all jurisdictions and countries."

¶ 9　　After execution of the agreement, Entec commenced performance under the agreement. MillerCoors soon heard from certain suppliers that Entec failed to pay them even after MillerCoors had remitted specific payments to Entec for the monies owed. MillerCoors began receiving complaints and notices of mechanics liens from suppliers as a result. Certain suppliers threatened to cease providing necessary supplies for MillerCoors' brewing operations. Therefore, in December of 2010, MillerCoors informed Entec that it was cancelling the agreement.

¶ 10　　On March 30, 2011, Entec filed a complaint against MillerCoors alleging breach of contract, fraudulent scheme, unjust enrichment, and commercial disparagement. Although the agreement expressly provides that Entec file such claims in Colorado, Entec filed its claim in Illinois. MillerCoors filed a section 2-619 motion to dismiss the claim, which the trial court initially denied. However, on January 12, 2012, upon MillerCoors' motion, the trial court reconsidered its decision and granted the motion to dismiss based on the forum selection clause of the parties' agreement. Plaintiff, as assignee for the benefit of creditors of Entec, filed this timely appeal.

ANALYSIS

¶ 12      Plaintiff contends the trial court, upon reconsideration, erred in dismissing the complaint based on the forum selection clause of the parties' agreement. A section 2-619 motion to dismiss admits the sufficiency of the claim but asserts affirmative matter that defeats the claim. *Patrick Engineering, Inc. v. City of Naperville*, 2012 IL 113148, ¶ 31. The motion takes as true all well-pleaded facts and all reasonable inferences taken from those facts. *Calloway v. Kinkelaar*, 168 Ill. 2d 312, 325 (1995). Furthermore, the court views all pleadings and supporting documents in the light most favorable to the nonmoving party. *DeSmet v. County of Rock Island*, 219 Ill. 2d 497, 504 (2006). We review the trial court's grant of a section 2-619 motion to dismiss *de novo*. *DeLuna v. Burciaga*, 223 Ill. 2d 49, 59 (2006).

¶ 13      The forum selection clause in a contract is *prima facie* valid and courts should enforce it unless the opposing party demonstrates that enforcement " 'will be so gravely difficult and inconvenient that [the opposing party] will for all practical purposes be deprived of [its] day in court.' " *Calanca v. D&S Manufacturing Co.*, 157 Ill. App. 3d 85, 87-88 (1987) (quoting *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 18 (1972)). Courts consider the following factors in determining whether a forum selection clause is unreasonable: (1) the law governing the formation and construction of the contract; (2) residency of the parties; (3) location of execution/performance of the contract; (4) location of the parties and witnesses; (5) the inconvenience to the parties of any particular location; and (6) whether the parties bargained for the clause. *Calanca*, 157 Ill. App. 3d at 88.

¶ 14      In the case at bar we find that the first factor, the governing law, favors Colorado. The agreement explicitly states that Colorado law governs without regard to conflicts of law. See *Calanca*, 157 Ill. App. 3d at 88 (governing law is the state's law specified in the contract as the governing law of the contract); see also *IFC Credit Corp. v. Rieker Shoe Corp.*, 378 Ill. App. 3d 77, 86 (2007). Plaintiff disagrees, arguing that Illinois law should apply despite the express choice of law clause in the contract. As support, plaintiff cites *Maher & Associates, Inc. v. Quality Cabinets*, 267 Ill. App. 3d 69 (1994).

¶ 15      The contract at issue in *Maher* contained a similar clause stating that "any claim or cause of action arising out of the agreement must be brought in Dallas County, Texas, and that Texas law governs the contract." *Id*. at 72. The court in *Maher*, however, recognized that forum selection and choice of law are separate issues requiring separate analysis. *Id*. at 76. It found the forum selection clause void as against Illinois public policy to protect the bargaining power and commissions of sales representatives working in Illinois. *Id*. at 75-76. The court then concluded "that this case must be determined under Illinois law in order to avoid the absurd result of permitting this litigation to be brought in Illinois because of the public policy concerns incorporated in the Sales Act and then requiring the application of Texas law, which has no statute or case law comparable to our Sales Act." *Id*. at 76. The issue before us is one of forum selection, not choice of law, and plaintiff does not argue that the forum selection clause of the agreement with MillerCoors violates Illinois public policy.

Therefore, *Maher* is not relevant here.[1]

¶ 16    We determine the remaining *Calanca* factors as follows: both parties are headquartered in Illinois; the record does not show where the parties executed the contract, but performance under the contract mainly took place in Illinois, Colorado, Wisconsin, and North Carolina, as well as in Georgia, Ohio, and Virginia; the relevant employee witnesses are located in Illinois, Colorado, Wisconsin, and North Carolina; plaintiff argues he will be inconvenienced if trial is held in Colorado since the majority of Entec's employees are located in Illinois, and MillerCoors argues that it will be inconvenienced if trial is held in Illinois because key witnesses and documents are located in Colorado; both Entec and MillerCoors are sophisticated business entities and Entec freely entered into the agreement, which contained the forum selection clause in regular-sized print and in plain view. The only factor that fully favors Illinois as a forum is both parties are headquartered in Illinois. We find that plaintiff has failed to meet his burden under *Calanca*.

¶ 17    Plaintiff disagrees, arguing that plaintiff would be inconvenienced and face hardships by having to litigate in Colorado since the majority of Entec's employees, and its evidence, are located in Illinois. Mere inconvenience is not a reasonable basis for voiding an express forum selection clause. *Dace International, Inc. v. Apple Computer, Inc.*, 275 Ill. App. 3d 234, 239 (1995). Plaintiff may face logistical or financial hurdles in bringing witnesses from Illinois to Colorado to testify. However, such witness testimony could be obtained through depositions in lieu of live testimony. *IFC Credit Corp.*, 378 Ill. App. 3d at 87; *Calanca*, 157 Ill. App. 3d at 89. Plaintiff does not contend that taking the depositions of witnesses would be an overly burdensome task. Therefore, plaintiff has not shown that litigating in Colorado would be so inconvenient that there is "no real opportunity to litigate the issues in a fair manner and that enforcement of the clause is tantamount to depriving the plaintiff access to the courts." *Dace*, 275 Ill. App. 3d at 239.

¶ 18    Plaintiff further argues that analysis of the factors favors Illinois as the forum because MillerCoors failed to identify the necessary documents located in Colorado, failed to identify its witnesses located in Colorado, and failed to explain how Illinois would be an inconvenient forum for MillerCoors. The burden of proving the unreasonableness of a selected forum, however, falls on the party opposing enforcement of the forum selection clause. *Calanca*, 157 Ill. App. 3d at 88. MillerCoors does not bear the burden of proving that the selected forum is reasonable.

¶ 19    Plaintiff next argues that the forum selection clause should not be enforced because plaintiff did not have the opportunity to negotiate the clause before signing the agreement. Entec is a sophisticated corporate entity that engaged in lengthy negotiations before entering into the agreement at issue. The clause was not hidden or difficult to find within the contract. Furthermore, there is no indication that Entec was unaware of the clause when it signed the contract or began performance pursuant to the contract. See *Compass Environmental, Inc. v. Polu Kai Services, L.L.C.*, 379 Ill. App. 3d 549, 554 (2008) (the fact that a party was aware

---

[1] Plaintiff also cites *Barbara's Sales, Inc. v. Intel Corp.*, 227 Ill. 2d 45 (2007), which is also inapposite as it is strictly a conflict of laws case. Forum selection was not at issue there.

of the forum selection clause and continued to work under the contract indicates consent to its terms).

¶ 20 Plaintiff, however, argues that MillerCoors was in a superior bargaining position relative to Entec because it used a standard contract so there was no opportunity to negotiate the clause. Furthermore, Entec "was winding down from another contract at the time it entered into the contract with [MillerCoors] and was therefore heavily dependent on the [MillerCoors] business set forth in the contract." The fact that MillerCoors used a standard contract containing the clause is not sufficient in itself to demonstrate uneven bargaining power between the parties. In *Dace*, defendant Apple also used a standard form containing a forum selection clause which this court upheld as valid. *Dace*, 275 Ill. App. 3d at 240. The *Dace* court reasoned that the clause could have been the subject of negotiation, and the court "decline[d] to remedy Dace's failure or inability to object to the clause at the time of contracting" or "release a sophisticated corporate entity from the consequences of its bargain." *Id*.

¶ 21 Furthermore, although Entec may have been "winding down" from another contract and in need of business, there is no indication that MillerCoors forced Entec to enter into the agreement. When Entec signed the agreement containing the clause and began performance, it made a clear determination that the benefits of the contract outweighed any potential costs. See *IFC Credit Corp.*, 378 Ill. App. 3d at 89 (a forum selection clause puts business entities on notice that by signing the contract they assume the risk of litigating in a less convenient forum). Entec did not have to enter into this agreement with MillerCoors. This court will not simply "release a sophisticated corporate entity from the consequences of its bargain." *Dace*, 275 Ill. App. 3d at 240.

¶ 22 The cases plaintiff cites in support are inapposite. Both *Williams v. Illinois State Scholarship Comm'n*, 139 Ill. 2d 24 (1990), and *Mack v. Royal Caribbean Cruises, Ltd.*, 361 Ill. App. 3d 856 (2005), involved consumer defendants who had no choice of whether or not to enter into nonnegotiated agreements. Unlike those powerless consumer defendants, Entec here is a sophisticated business entity that could have chosen to forgo the contract and pursue opportunities with companies other than MillerCoors. *IFC Credit Corp.*, 378 Ill. App. 3d at 91.

¶ 23 Finally, plaintiff argues that MillerCoors fraudulently induced Entec to enter into the contract containing the forum selection clause. In his reply brief, plaintiff adds that the forum selection clause was part of MillerCoors' fraudulent scheme to cause Entec to suffer financial ruin so it could not prosecute its claims in Colorado. Although plaintiff contends that we should disregard the forum selection clause in the contract because "the fraudulent scheme involved the inclusion of the forum selection clause in the contract," this allegation is insufficient to render the clause unenforceable. *IFC Credit Corp.*, 378 Ill. App. 3d at 93. As this court held in *IFC Credit Corp.*, "[i]n order to invalidate the clause on the ground of fraud and overreaching, the fraud alleged must be specific to the forum selection clause itself." *Id*. As plaintiff points out, the forum selection clause was part of MillerCoors' standard contract. Therefore, any party entering into a valid contract with MillerCoors would also have to agree that Colorado is the forum of choice. Furthermore, plaintiff does not argue how the choice of Colorado as the forum, as opposed to any other venue, represents fraud on the part of

MillerCoors. We are not persuaded by plaintiff's argument. We hold that the forum selection clause contained in the agreement is valid and the trial court properly dismissed plaintiff's complaint based on that clause.

¶ 24      For the foregoing reasons, the judgment of the circuit court is affirmed.

¶ 25      Affirmed.