2015 IL App (4th) 141111
NO. 4-14-1111

**FILED**
September 18, 2015
Carla Bender
4th District Appellate
Court, IL

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| SHARI L. EARL, as Parent and Guardian of A.B., a Minor, | ) ) | Appeal from Circuit Court of |
| Plaintiff-Appellant, | ) | Macon County |
| v. | ) | No. 14MR825 |
| DECATUR PUBLIC SCHOOLS BOARD OF EDUCATION, a Body Politic and Corporation, | ) ) ) | Honorable Albert G. Webber, |
| Defendant-Appellee. | ) | Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court, with opinion.
Presiding Justice Pope and Justice Turner concurred in the judgment and opinion.

**OPINION**

¶ 1        Plaintiff, Shari L. Earl, is the parent and guardian of a high school student, A.B.,

at MacArthur High School in Decatur, Illinois. She sought to enjoin defendant, Decatur Public

Schools Board of Education, from enforcing a policy requiring her child to complete six hours of

community service for each year of attendance in a Decatur public high school as a prerequisite

to graduation. Cross-motions for summary judgment (735 ILCS 5/2-1005 (West 2014)) were

filed and the trial court granted the motion for summary judgment filed by defendant. Plaintiff

appeals, arguing the School Code (Code) (105 ILCS 5/1-1 *et seq.* (West 2014)) specifically

provides the requirements which must be met for obtaining a high school diploma and it does not

include a community service requirement. Further, the legislature has determined Illinois public

schools may only offer community service as an elective course, specifically stating schools may offer a course involving "voluntary" community service. We affirm.

¶ 2                                  I. BACKGROUND

¶ 3            On September 24, 2014, plaintiff brought this action for a declaratory judgment and to enjoin defendant from enforcing its policy requiring her child to complete six hours of community service for each year of attendance at its high schools as a prerequisite to graduation. She alleged the Code sets forth the high school graduation requirements for all students in the State of Illinois and defendant is without legal authority to mandate service learning as an additional requirement to graduate from Decatur public schools.

¶ 4            On October 1, 2014, plaintiff filed what she titled a "motion for declaratory judgment," which set forth arguments much like a motion for summary judgment, *i.e.*, there were no issues of fact to be decided. She argues section 27-22 of the Code (105 ILCS 5/27-22 (West 2014)) sets forth both the minimum and maximum graduation requirements for students attending Illinois public high schools and service learning, or community service, is not one of the requirements. Further, the legislature has provided a school district may establish a volunteer service credit program enabling secondary school students to earn credit toward graduation through performance of community service. 105 ILCS 5/27-22.3 (West 2014). Thus, a school board is prohibited from establishing a required service learning requirement for graduation.

¶ 5            On November 6, 2014, defendant filed its response and on November 14, 2014, defendant filed a motion for summary judgment on the complaint. Defendant asserted there were no facts to be decided. It cited section 10-20 of the Code (105 ILCS 5/10-20 (West 2014)) as authority for authorizing defendant to undertake any action not prohibited by law. Further,

section 1.440(f) of Title 23 of the Illinois Administrative Code (23 Ill. Adm. Code 1.440(f), amended at 38 Ill. Reg. 11203 (eff. May 6, 2014)) authorizes local boards of education to adopt additional requirements for graduation in addition to those minimum requirements specified in section 27-22 of the Code (105 ILCS 5/27-22 (West 2014)).

¶ 6        On December 17, 2014, a hearing was held on the cross-motions for summary judgment and on December 18, 2014, the trial court entered an order granting defendant's motion for summary judgment. The court noted section 27-22(e) of the Code (105 ILCS 5/27-22(e) (West 2014)) itself begins with the following: "(e) As a prerequisite to receiving a high school diploma, each pupil entering the 9th grade in the 2008-2009 school year or a subsequent school year must, *in addition to other course requirements*, successfully complete all of the following courses." (Emphasis added.) Thus, the Code contemplates other course requirements are permissible and may be imposed by local school boards. The court also noted section 1.440(f) of the Title 23 of the Illinois Administrative Code (23 Ill. Adm. Code 1.440(f), amended at 38 Ill. Reg. 11203 (eff. May 6, 2014)) provides: "Additional requirements for graduation may be adopted by local boards of education." The court found section 27-22.3 of the Code (105 ILCS 5/27-22.3 (West 2014)), which allows a voluntary service credit program, does not equate to forbidding a mandatory service learning program such as that required by defendant.

¶ 7        This appeal followed.

¶ 8                                    II. ANALYSIS

¶ 9        A trial court's grant of summary judgment is reviewed *de novo*. *Carney v. Paul Revere Life Insurance Co.*, 359 Ill. App. 3d 67, 73, 832 N.E.2d 257, 261 (2005).

¶ 10              A. Plain Language of Section 27-22 of the Code

- 3 -

¶ 11	Plaintiff argues section 27-22 of the Code (105 ILCS 5/27-22 (West 2014)) provides an exclusive list of courses required for students to graduate high school in Illinois. The Code does not provide community service of any sort to be a prerequisite to graduation or receipt of a high school diploma within the state.

¶ 12	Defendant does not dispute section 27-22 of the Code sets forth a list of courses students must complete to receive a high school diploma. Defendant argues this list is the minimum credit hours in specified subject areas necessary for graduation. Defendant contends the legislature did not intend these requirements to be the maximum or exclusive courses local school districts may require students to complete in order to earn a high school diploma. As noted by the trial court, section 27-22(e) begins by stating each pupil must complete the following courses "*in addition to other course requirements*." (Emphasis added.) 105 ILCS 5/27-22(e) (West 2014).

¶ 13	"The primary rule of statutory construction is to ascertain and give effect to the intent of the legislature." *Price v. Philip Morris, Inc.*, 219 Ill. 2d 182, 242, 848 N.E.2d 1, 37 (2005). To ascertain and give effect to the intent of the legislature, the court examines the language of the statute, which is the most reliable indicator of the legislature's intent in enacting the law. *Id.* The plain meaning of the language "in addition to other requirements" indicates the legislature's intent completion of graduation requirements in addition to those listed in section 27-22 may be required of public high school students in Illinois.

¶ 14	Section 27-22 of the Code ensures uniformity throughout the state of Illinois for a minimum program of study but also allows local districts the freedom to add additional requirements for graduation based on the particular needs of its students and the community in

its own district.

¶ 15    B.  State Board of Education Did Not Exceed Its Authority in Adopting Section 1.440

¶ 16    Plaintiff argues because section 27-22 of the code establishes the exclusive criteria for graduation, the regulation implemented by the Illinois State Board of Education (State Board) in section 1.440 (23 Ill. Adm. Code 1.440), amended at 38 Ill. Reg. 11203 (eff. May 6, 2014)) specifically authorizing local school boards to adopt additional requirements for graduation must be invalid.  Plaintiff provides no legal authority to support this assertion.  Further, section 27-22 itself clearly refers to course requirements in addition to those listed in section 27-22.

¶ 17    Section 2-3 of the Code (105 ILCS 5/2-3 (West 2014)) grants the State Board of Education various powers and duties.  Section 2-3.6 gives the State Board the power to "make rules, in accordance with the Illinois Administrative Procedure Act [(5 ILCS 100/1-1 et seq. (West 2014))], that are necessary to carry into efficient and  uniform effect all laws for establishing free schools in the State.  The State Board of Education may not adopt any rule or policy that alters the intent of the authorizing law or that supersedes federal of State law."  105 ILCS 5/2-3.6 (West 2014).  The State Board, in section 1.440 of Title 23 of the Illinois Administrative Code, did not adopt a regulation altering the intent of any state law.

¶ 18    Section 1.440, entitled "Additional Criteria for High Schools," first refers to the same course requirements listed in section 27-22 of the Code.  23 Ill. Adm. Code 1.440), amended at 38 Ill. Reg. 11203 (eff. May 6, 2014).   Then, in section 1.440(f) of the regulation, it states:  "Additional requirements for graduation may be adopted by local boards of education." 23 Ill. Adm. Code 1.440(f), amended at 38 Ill. Reg. 11203 (eff. May 6, 2014).  Reading this

regulation in conjunction with the Code compels the conclusion a local board of education may adopt a reasonable service learning program as a requirement for graduation.

¶ 19                                    C.  Section 27-22.3 of the Code

¶ 20          Plaintiff argues section 27-22.3 of the Code (105 ILCS 5/27-22.3 (West 2014)), which provides local school districts may implement a service credit program whereby students may earn credits toward graduation through voluntary community service, prohibits districts from requiring students to complete service learning hours as a high school graduation requirement.

¶ 21          Local school districts are not required to offer voluntary service credit programs to their students.  Section 27-22.3 establishes a means by which a district could implement such a program, which enables students to do voluntary service and receive credit for the equivalent of one semester of a required graduation course in the areas of language arts, math, science, or social studies.  The statute does not require a district to permit such a course substitution, nor does it prohibit imposing service learning hours as an additional graduation requirement. Defendant has not established a voluntary service credit program such as that outlined in section 27-22.3, but it has chosen to require service learning hours as a requirement for graduation.

¶ 22                                    D.  Involuntary Servitude

¶ 23          Plaintiff implies defendant's mandatory service learning requirements constitute a form of involuntary servitude.  While the issue of mandatory service learning requirements has not been specifically addressed in Illinois, it has been addressed in other jurisdictions and the "involuntary servitude" argument has not been successful.

¶ 24          In *Herndon v. Chapel Hill-Carrboro City Board of Education*, 89 F.3d  174 (4th

Cir. 1996), the plaintiffs brought an action challenging the defendant's requirements students enrolled in the district were required to complete 50 hours of community service during grades 9 through 12 in order to receive a high school diploma. One of the arguments raised by the plaintiffs was this requirement violated the thirteenth amendment prohibition of involuntary servitude. *Id.* at 177, 180. The court held the service requirement did not violate the thirteenth amendment as the threat of not graduating from public high school did not rise to the level of physical or legal coercion and was not comparable to slavery. *Id.* at 181.

¶ 25 In *Immediato v. Rye Neck School District*, 73 F.3d 454 (2d Cir. 1996), similar results were reached by the Second Circuit when the plaintiff challenged the constitutionality of the defendant's requirement students perform 40 hours of community service during four years of high school in order to graduate. The court held the defendant's program was not involuntary servitude. *Id.* at 460, 462. See also *Steirer v. Bethlehem Area School District*, 789 F. Supp. 1337 (E.D. Pa. 1992) (school district's graduation requirement of 60 hours of community service during high school did not violate thirteenth amendment's prohibition against involuntary servitude).

¶ 26 Given these rulings, defendant's requirement students complete a modest six hours of service learning for each year they are a student in Decatur public schools, for a total of up to 24 hours over four years, is not unreasonable, onerous, or unduly burdensome making it akin to involuntary servitude.

¶ 27 III. CONCLUSION

¶ 28 We affirm the trial court's judgment granting summary judgment for defendant.

¶ 29 Affirmed.