2025 IL App (4th) 241194

NO. 4-24-1194

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
July 24, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| PROJECT IS 43:19, LLC, | ) | Appeal from the |
|      Plaintiff-Appellee, | ) | Circuit Court of |
|      v. | ) | Sangamon County. |
| VANDERBURGH HOUSE, LLC, | ) | No. 24EV470 |
|      Defendant-Appellant. | ) | |
| | ) | |
| | ) | Honorable |
| | ) | Rudolph M. Braud Jr., |
| | ) | Judge Presiding. |

JUSTICE LANNERD delivered the judgment of the court, with opinion.
Justices Steigmann and Zenoff concurred in the judgment and opinion.

**OPINION**

¶ 1 Defendant, Vanderburgh House, LLC, a Massachusetts limited liability company, appeals from a judgment of the Sangamon County circuit court in favor of plaintiff, Project Is 43:19, LLC, an Arizona limited liability company, pursuant to Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016), following a bench trial.

¶ 2 On appeal, Vanderburgh House argues the trial court (1) lacked subject matter jurisdiction, (2) committed error when it found the forum selection clause contained in the lease agreement between the parties void on public policy grounds, and (3) erroneously entered a default judgment against it based on its alleged failure to appear at the bench trial. In response, Project Is 43:19 contends (1) the court had subject matter jurisdiction in this case; (2) this court lacks jurisdiction to review Vanderburgh House's forum selection clause claim, and the trial court

nonetheless properly declined to enforce it on public policy grounds; and (3) the court properly precluded Vanderburgh House's representative from appearing remotely at the bench trial.

¶ 3      We conclude (1) the trial court properly exercised subject matter jurisdiction in this case and (2) the notice of appeal was sufficient to confer jurisdiction on this court to review Vanderburgh House's claim the court erred when it denied its motion to dismiss based on the existence of a valid forum selection clause. On the merits of the forum selection clause claim, we conclude the trial court erred when it determined the forum selection clause was unenforceable on public policy grounds. Because we conclude this issue is dispositive, we do not reach the issue of whether the court erroneously entered a default judgment against Vanderburgh House.

¶ 4      Accordingly, we reverse the trial court's judgment and remand with directions to enter an order dismissing Project Is 43:19's complaint without prejudice to refile in Worcester County, Massachusetts.

¶ 5                          I. BACKGROUND

¶ 6      On September 9, 2022, the parties entered into an agreement whereby Vanderburgh House agreed to lease a property located at 1622 North 5th Street in Springfield, Illinois, from Project Is 43:19. The lease term was for a period of 20 years at a rate of $36,000 per year, to be paid in monthly installments of $3,000 per month. The lease provided that it was governed by the laws of Massachusetts and Worcester County, Massachusetts, would be the exclusive venue for any litigation concerning the lease. On the same date, the parties also entered into a separate purchase option agreement regarding the subject property. The purchase option provided for Vanderburgh House's right of first refusal should a third party submit an offer to purchase the subject property from Project Is 43:19.

¶ 7      In January 2024, Vanderburgh House notified Project Is 43:19 of its intention to

exercise its right to purchase the subject property.

¶ 8    On March 19, 2024, Project Is 43:19 served Vanderburgh House with a 10-day notice for nonpayment of rent. The notice alleged Vanderburgh House failed to pay rent for the months of February and March 2024 in violation of the lease agreement.

¶ 9    On April 16, 2024, Project Is 43:19 filed a verified eviction complaint in the Sangamon County circuit court, asserting four claims. Count I was an action for possession, asserting Vanderburgh House was in violation of the lease agreement and requesting an order of eviction or order to vacate, count II was an action for past due rent and other charges, count III was an action for future rent and costs of re-rental, and count IV sought a declaratory judgment that the purchase option agreement was null and void.

¶ 10   On May 3, 2024, Vanderburgh House filed a combined objection to jurisdiction, motion to dismiss the verified complaint, and motion to quash service of process. In the objection and motions, Vanderburgh House denied being served with a summons or otherwise engaging in any activity which would submit it to the personal jurisdiction of the Sangamon County circuit court. The motion further asserted venue was improper pursuant to the forum selection clause contained in the lease.

¶ 11   On May 7, 2024, Project Is 43:19 filed a response to Vanderburgh House's objection and motions, arguing, *inter alia*, the forum selection clause contained in the lease was unreasonable and should not be enforced. In support of its response, Project Is 43:19 attached the affidavit of its representative, Olufemi Akinpetide, who averred he did not reside in Massachusetts and had no connections there. Furthermore, it would be "impracticable, inconvenient, and a financial hardship" for him and the witnesses Project Is 43:19 intended to call to litigate this case in Massachusetts.

¶ 12           On May 22, 2024, the trial court held a hearing on Vanderburgh House's objection and motion to dismiss, which the court denied. At the hearing, the court found Vanderburgh House's representative had been personally served with a summons. Regarding the issue of venue, the court concluded strong public policy considerations dictated the case should be adjudicated in Illinois, notwithstanding the forum selection clause. At the conclusion of the hearing, the court ordered Vanderburgh House to file an answer within 14 days and set the case for a bench trial on July 10, 2024.

¶ 13           On June 26, 2024, Project Is 43:19 filed a motion for a default judgment, asserting Vanderburgh House failed to file a timely answer to its complaint. On July 9, 2024, Vanderburgh House filed an answer, asserting affirmative defenses and counterclaims. On July 10, 2024, the trial court, on its own motion, continued the bench trial to a later date and directed the parties to submit arguments electronically on the motion for a default judgment. On July 11, 2024, the court denied the motion, and the bench trial was rescheduled to August 9, 2024.

¶ 14           In the interim, the parties arranged for closing on the sale of the property to occur on August 8, 2024. However, the closing did not occur.

¶ 15           The trial court conducted a bench trial on August 9, 2024. At trial, Project Is 43:19's counsel, Patrick Sheehan, and representative, Akinpetide, appeared in person. Vanderburgh House's counsel, Randy Paswater, appeared in person and requested its representative, Hunter Foote, be allowed to appear remotely via Zoom. Project Is 43:19 objected to this request, citing Illinois Supreme Court Rule 45 (eff. Jan. 1, 2023) and Illinois Supreme Court Rule 241 (eff. Feb. 2, 2023), and moved for a default judgment. After hearing arguments, the court denied Vanderburgh House's request and found it had failed to appear. The court allowed Project Is 43:19's motion for default and entered judgment in its favor. The case then proceeded to trial on

the issue of damages only with testimony from Akinpetide.

¶ 16　　　On August 14, 2024, the trial court entered a written order, finding Vanderburgh House in default for failing to appear at the bench trial and entering a judgment in favor of Project Is 43:19 on all counts. The written order contains a summary of the proceedings and the court's previous rulings, including the denial of Vanderburgh House's objection to personal jurisdiction and motion to dismiss based on the forum selection clause contained in the lease. The court further set a hearing on a date to be determined on the issue of count III, which included Project Is 43:19's request for attorney fees and costs.

¶ 17　　　On August 23, 2024, Project Is 43:19 filed a petition in the trial court for attorney fees and costs. The petition asserted, *inter alia*, that Akinpetide incurred various costs associated with this litigation, which included airfare from Phoenix, Arizona, to attend the May 22, 2024, and August 9, 2024, proceedings; airport parking fees in Phoenix, Arizona, for the same dates; rental cars from the St. Louis, Missouri, airport, for the same dates; and hotel expenses. The record does not show the court addressed the petition.

¶ 18　　　On September 13, 2024, Vanderburgh House filed a notice of appeal from the trial court's August 14, 2024, order. In the notice, Vanderburgh House requested "the aforesaid [o]rder with respect to all such issues and judgments therein be reversed and that this matter be remanded to the circuit court for further proceedings."

¶ 19　　　On October 21, 2024, this court allowed Vanderburgh House's motion to extend the deadline to file a bystander's report to October 25, 2024. On October 25, 2024, Vanderburgh House filed a purported bystander's report in this court, which was appended to the common law record. However, the matter of the bystander's report had seemingly not been settled in the trial court. Following Vanderburgh House's counsel's withdrawal in November 2018, new counsel,

- 5 -

who entered an appearance on January 14, 2025, filed motions to extend the deadline to settle the matter of the bystander's report in the trial court on January 28, 2025, and February 3, 2025. Project Is 43:19 objected to these requests, arguing they were untimely, failed to comply with Illinois Supreme Court Rule 323(e) (eff. July 1, 2017), and were procedurally deficient. On February 6, 2025, this court entered a written order denying Vanderburgh House's request to extend the deadline to file a bystander's report "for failure to comply with Supreme Court Rule 323."

¶ 20   In its brief, Project Is 43:19 has asked this court to take judicial notice of the fact that nearly a week after this court's order denying Vanderburgh House's request, its counsel entered a "limited scope appearance" in the trial court, stating its intention to be heard on the matter of preparing a bystander's report. On February 27, 2025, Judge Braud held a telephone conference, whereby Vanderburgh House was "to file motion regarding bystander's report and set for hearing." On March 4, 2025, Vanderburgh House's counsel filed a "Notice of Completion of Limited Scope Appearance."

¶ 21   Without determining the validity of the purported bystander's report submitted to this court, we conclude the common law record and exhibits properly before this court are nonetheless sufficient to adjudicate the primarily legal questions presented in this appeal even without consideration of the bystander's report. See *Venturini v. Affatato*, 84 Ill. App. 3d 547, 552 (1980) (noting a failure to present a report of proceedings does not require dismissal or affirmance where the issues may be resolved on the record as it stands and where the issues presented on appeal are primarily legal in nature).

¶ 22          II. ANALYSIS

¶ 23   On appeal, Vanderburgh House raises three arguments. First, it contends the trial court lacked subject matter jurisdiction because it had exercised its option to purchase the subject

property prior to receiving Project Is 43:19's 10-day notice. Second, it claims the court erred when it declined to enforce the forum selection clause contained in the lease agreement on public policy grounds. Finally, it asserts the court erred when it found Vanderburgh House in default for failing to appear at the bench trial when its counsel was present at the hearing.

¶ 24 Project Is 43:19 responds that the statutory notice requirements cited by Vanderburgh House are not jurisdictional and it nonetheless complied with such requirements. Furthermore, it contends this court lacks jurisdiction to review Vanderburgh House's claim regarding the forum selection clause because Vanderburgh House failed to include the May 22, 2024, order in its notice of appeal. Alternatively, it argues the court properly found the forum selection clause unenforceable. Finally, it asserts the court properly precluded Foote's remote participation in the bench trial.

¶ 25 We conclude (1) the trial court properly exercised subject matter jurisdiction over the claims in this case and (2) this court has subject matter jurisdiction to review Vanderburgh House's claim pertaining to the forum selection clause. On the merits of the forum selection clause claim, we hold the court erred when it found the forum selection clause unenforceable on public policy grounds. Because we find this issue dispositive, we need not consider Vanderburgh House's argument the court improperly entered a default judgment in favor of Project Is 43:19. Accordingly, we reverse the trial court's judgment and remand with directions to enter an order dismissing Project Is 43:19's complaint without prejudice for it to refile in Worcester County, Massachusetts.

¶ 26 A. Subject Matter Jurisdiction

¶ 27 We first address Vanderburgh House's claim the trial court lacked subject matter jurisdiction to address Project Is 43:19's complaint. Specifically, Vanderburgh House asserts that

once it exercised its option to purchase the subject property, the relationship between the parties changed from that of lessor-lessee to vendor-vendee and, therefore, Project Is 43:19 could no longer maintain an action under section 9-102(a)(4) of the Code of Civil Procedure (Code) (735 ILCS 5/9-102(a)(4) (West 2024)). It further claims that even if the complaint was not facially deficient, Project Is 43:19's 10-day demand notice was insufficient, given Vanderburgh House's status as a contract purchaser. Project Is 43:19 responds the statutory section cited by Vanderburgh House is not jurisdictional and it complied with the required notice provisions. We conclude the court had subject matter jurisdiction to adjudicate the claims in this case.

¶ 28    Subject matter jurisdiction refers to the authority of a court to adjudicate a particular type of controversy based on the nature of the case and the relief sought. See Black's Law Dictionary (12th ed. 2024). The issue of subject matter jurisdiction may not be waived and can be raised at any time. *Crossroads Ford Truck Sales, Inc. v. Sterling Truck Corp.*, 406 Ill. App. 3d 325, 333 (2010). "Whether a circuit court has subject matter jurisdiction to entertain a claim presents a question of law which we review *de novo*." *McCormick v. Robertson*, 2015 IL 118230, ¶ 18.

¶ 29    As explained by our supreme court in *McCormick*, the subject matter jurisdiction of the Illinois circuit courts is broad:

> "Under section 9 of article VI of the Illinois Constitution, the jurisdiction of circuit courts extends to all 'justiciable matters except when the Supreme Court has original and exclusive jurisdiction relating to redistricting of the General Assembly and to the ability of the Governor to serve or resume office.' [Citation] So long as a matter brought before the circuit court is justiciable and does not fall within the original and exclusive jurisdiction of our court, the circuit court has subject matter

jurisdiction to consider it." *Id.* ¶ 20.

¶ 30    Vanderburgh House relies on *Artful Dodger Pub, Inc. v. Koch*, 230 Ill. App. 3d 806, 811 (1992), for its assertion that once it exercised the option agreement, Project Is 43:19 could not maintain an action under section 9-102(a)(4) of the Code because it was no longer a lessee, and therefore, "jurisdiction was lacking on the face of the complaint." Section 9-102(a)(4) of the Code provides as follows:

> "The person entitled to the possession of lands or tenements may be restored ***:
>
> * * *
>
>> (4) When any *lessee* of the lands or tenements, or any person holding under such lessee, holds possession without right after the termination of the lease or tenancy by its own limitation, condition or terms, or by notice to quit or otherwise." (Emphasis added.) 735 ILCS 5/9-102(a)(4) (West 2024).

In *Artful Dodger*, 230 Ill. App. 3d at 811, the First District explained how a lessor-lessee relationship changes upon the lessee's exercise of an option to purchase the leased property:

> "An option, when accepted and exercised according to its terms, becomes a present contract for the sale of the premises. [Citation.] Upon exercise of the option, the former relationship of lessor and lessee terminates and the parties occupy the relationship of vendor and vendee. [Citation.] Thereafter, the land is regarded, in equity, as the property of the vendee subject to the rights of the vendor under the contract, and the lessor is not entitled to rent thereafter unless the lease expressly so provides."

¶ 31    Citing the changes to our state constitution in 1970 and the landmark Illinois

Supreme Court decision in *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A.*, 199 Ill. 2d 325 (2002), the First District has recently rejected claims that a circuit court lacks subject matter jurisdiction based on the plaintiff's purported failure to adhere to statutory requirements in an eviction proceeding. See *Goodwin v. Matthews*, 2018 IL App (1st) 172141, ¶ 18, and *2460-68 Clark, LLC v. Chopo Chicken, LLC*, 2022 IL App (1st) 210119, ¶¶ 23-25.

¶ 32         In *Goodwin*, the plaintiff landlord filed a complaint against the defendant tenant in forcible entry and detainer, seeking possession of a rental property in Chicago, Illinois, along with unpaid rent and late fees. *Goodwin*, 2018 IL App (1st) 172141, ¶ 3. Following a judgment in the landlord's favor, the tenant appealed on grounds the order of possession was void where the landlord failed to adhere to the statutory requirements for service of a five-day notice, and thus the trial court lacked subject matter jurisdiction. *Id.* ¶ 11. The First District rejected this argument, concluding "the statutory requirements of the [Forcible Entry and Detainer Act (735 ILCS 5/9-101 *et seq.* (West 2018))] cannot be jurisdictional, because jurisdiction is conferred on the circuit courts by the Illinois Constitution." *Id.* ¶ 20. The *Goodwin* court reasoned, " '[w]hile the legislature can create new justiciable matters by enacting legislation that creates rights and duties, the failure to comply with a statutory requirement or prerequisite does not negate the circuit court's subject matter jurisdiction or constitute a nonwaivable condition precedent to the circuit court's jurisdiction.' " *Goodwin*, 2018 IL App (1st) 172141, ¶ 20 (quoting *LVNV Funding, LLC v. Trice*, 2015 IL 116129, ¶ 37). The First District therefore concluded subject matter jurisdiction was present where the complaint otherwise stated a justiciable matter. *Id.*

¶ 33         When presented with the same issue in *2460-68 Clark*, the First District explained the history of this jurisdictional argument as follows:

"The argument stems from the concept that a forcible entry and detainer action is a 'special statutory proceeding' and that therefore a party seeking to recover possession of a premises must strictly comply with the statutory requirements of the act formerly known as the Forcible Entry and Detainer Act (Act) (735 ILCS 5/9-101 *et seq.* (West 2020); see also Pub. Act 100-173 (eff. Jan. 1, 2018) (replacing most references to 'forcible entry and detainer' with 'eviction')). *Goodwin* relied on *Belleville Toyota*, wherein our supreme court explained that an argument such as this had some validity under this state's constitutional framework as it existed prior to 1964, when circuit courts' jurisdiction to hear and determine purely statutory causes of action was conferred and limited by the legislature, and the failure to conform strictly to requirements of the pertinent statute prevented the circuit court from acquiring subject matter jurisdiction. [Citation.] However, except in cases involving administrative review, this is no longer the law under the post-1964 constitutional framework, which vests circuit courts with 'original jurisdiction of all justiciable matters.' " *2460-68 Clark*, 2022 IL (1st) 210119, ¶ 23.

Relying on *Goodwin*, the First District similarly concluded the complaint filed by the landlord in *2460-68 Clark* presented a justiciable matter, and therefore, subject matter jurisdiction was present. *Id.* ¶ 25.

¶ 34         We agree with the reasoning set forth in *Goodwin* and *2460-68 Clark*. Accordingly, we hold a plaintiff's alleged failure to comply with a statutory requirement in an eviction proceeding does not deprive the trial court of subject matter jurisdiction where the complaint states a justiciable matter. Applying our holding to this case, we conclude neither the alleged change in the relationship between the parties due to Vanderburgh House's exercise of the option agreement

nor the alleged failure to provide adequate notice deprived the court of subject matter jurisdiction. To the extent Vanderburgh House believed these issues constituted defects appearing on the face of the complaint, it should have raised them as grounds for a motion to dismiss under section 2-615 of the Code (735 ILCS 5/2-615 (West 2024) (providing for motions to dismiss based on defects appearing on the face of the complaint)) and not as a challenge to the court's subject matter jurisdiction in this appeal. Accordingly, we conclude the complaint filed in this case presented a justiciable matter for the court's consideration and subject matter jurisdiction was present.

¶ 35                              B. Forum Selection Clause

¶ 36          We next address Vanderburgh House's argument the trial court erred when it found the forum selection clause contained in the lease agreement unenforceable on public policy grounds.

¶ 37          Project Is 43:19 responds this court lacks jurisdiction to consider this argument because Vanderburgh House failed to file a notice of appeal from the court's May 22, 2024, order addressing this issue, and instead appealed only from the court's August 14, 2024, order. It further asserts that even if jurisdiction is present, the court properly declined to enforce the forum selection clause.

¶ 38          We conclude Vanderburgh House's notice of appeal was sufficient to confer jurisdiction on this court. On the merits, we hold the trial court erred when it determined the forum selection clause was unenforceable on public policy grounds.

¶ 39                              1. *Appellate Court Jurisdiction*

¶ 40          Before addressing the merits, we must address Project Is 43:19's assertion this court lacks jurisdiction to review Vanderburgh House's forum selection clause claim.

¶ 41       "The filing of a notice of appeal is the jurisdictional step which initiates appellate review." (Internal quotation marks omitted.) *People v. Smith*, 228 Ill. 2d 95, 104 (2008). "Unless there is a properly filed notice of appeal, a reviewing court has no jurisdiction over the appeal and is obliged to dismiss it." *Id.* Illinois Supreme Court Rule 303(b)(2) (eff. July 1, 2017) provides that a notice of appeal "shall specify the judgment or part thereof or other orders appealed from and the relief sought from the reviewing court." Generally, the notice confers jurisdiction on this court only to review those judgments specified therein. *Smith*, 228 Ill. 2d at 104. Although this step is jurisdictional, "it is generally accepted that such a notice is to be construed liberally." *Id.* The purpose of the notice is to apprise the opposing party of the impending appeal, and therefore it will be deemed sufficient where it adequately sets forth the judgment complained of and the relief sought such that the nature of the appeal is readily apparent. See *id.* at 104-05. Thus, " '[w]here the deficiency in notice is one of form, rather than substance, and the appellee is not prejudiced, the failure to comply strictly with the form of notice is not fatal.' " *Id.* at 105 (quoting *Lang v. Consumers Insurance Service*, 222 Ill. App. 3d 226, 229 (1991)).

¶ 42       Additionally, our supreme court has "found notices of appeal to confer jurisdiction even if the order was not expressly mentioned in the notice of appeal, if that order was a step in the procedural progression leading to the judgment which was specified in the notice of appeal." (Internal quotation marks omitted.) *In re Marriage of O'Brien*, 2011 IL 109039, ¶ 23. To that end, "[i]f the order specified in the notice of appeal directly relates back to the judgment or order sought to be reviewed, then the notice of appeal is sufficient to confer jurisdiction." *In re Marriage of Micheli*, 2014 IL App (2d) 121245, ¶ 59. "In other words, the unspecified judgment must be a preliminary determination necessary to the ultimate relief sought by the [appellant]." (Internal quotation marks omitted.) *Id.*

¶ 43　　　　In our liberal construction of Vanderburgh House's notice of appeal, we conclude it was sufficient to confer jurisdiction on this court to review its claim the trial court erroneously found the forum selection clause unenforceable. Although Vanderburgh House did not identify the May 22, 2024, order in its notice of appeal, it requested the reversal and remand of "all issues and judgments" contained in the August 14, 2024, order. Our review of the August 14, 2024, order shows it directly related back to the court's previous order denying Vanderburgh House's motion to dismiss based on the forum selection clause such that it can be considered "a step in the procedural progression leading to the judgment which was specified in the notice of appeal." (Internal quotation marks omitted.) *O'Brien*, 2011 IL 109039, ¶ 23. If not for the court's finding the forum selection clause was unenforceable, there would have been no bench trial culminating in the order specified in the notice of appeal. It follows that the May 22, 2024, order constituted "a preliminary determination necessary to the ultimate relief sought by the [appellant],"—*i.e.*, dismissal of Project Is 43:19's claims. (Internal quotation marks omitted.) *Micheli*, 2014 IL App (2d) 121245, ¶ 59. Accordingly, we conclude the notice of appeal adequately apprised Project Is 43:19 of the nature of the appeal and this court has jurisdiction to address Vanderburgh House's forum selection clause claim.

¶ 44　　　　　　　　2. *Enforcement of Forum Selection Clause*

¶ 45　　　　We next address the merits of Vanderburgh House's claim the trial court erred when it found the forum selection clause contained in the lease agreement was unenforceable.

¶ 46　　　　Vanderburgh House argues the trial court's ruling lacked a legal and factual basis, asserting Illinois and Massachusetts law both favor the enforcement of forum selection clauses and Project Is 43:19 failed to meet its burden of showing litigating this case in Massachusetts would

have been unduly burdensome. Project Is 43:19 responds the court's ruling was supported by section 9-106 of the Code (735 ILCS 5/9-106 (West 2024)), as well as Akinpetide's affidavit, which was attached to its response to Vanderburgh House's motion to dismiss.

¶ 47                                    a. Void on Public Policy Grounds

¶ 48        Under Massachusetts law, which was set forth as the governing law of the lease agreement, a forum selection clause will be enforced "if it is fair and reasonable to do so." *Jacobson v. Mailboxes Etc. U.S.A., Inc.*, 646 N.E.2d 741, 744 (Mass. 1995). Such a clause will be invalidated unless honoring it would be so gravely difficult that it would effectively deprive the objecting party of his day in court. See *Cambridge Biotech Corp. v. Pasteur Sanofi Diagnostics*, 740 N.E.2d 195, 203 (Mass. 2000). Accordingly, "when sophisticated parties negotiating at arm's length agree to litigate in a given forum, they presumably were aware of the potential costs of such an agreement. Massachusetts law requires us to respect their wishes." *Melia v. Zenhire, Inc.*, 967 N.E.2d 580, 589 (Mass. 2012). Illinois follows a substantially similar rule favoring enforcement of forum selection clauses "absent some 'compelling and countervailing reason' why it should not be enforced." *Calanca v. D&S Manufacturing Co.*, 157 Ill. App. 3d 85, 88 (1987) (quoting *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 12 (1972)).

¶ 49        However, an Illinois court may also find a forum selection clause to be void and unenforceable "if it violates a fundamental Illinois public policy." *Maher & Associates, Inc. v. Quality Cabinets*, 267 Ill. App. 3d 69, 75 (1994). "When the legislature, by enacting a statute, declares the public policy of the State, the judicial branch must defer to that pronouncement." *Id.*; see *The Bremen*, 407 U.S. at 15 ("A contractual choice-of-forum clause should be held unenforceable if enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision."). For example, section 10 of the

Building and Construction Contract Act (815 ILCS 665/10 (West 2024)) provides as follows:

"A provision contained in or executed in connection with a building and construction contract to be performed in Illinois that makes the contract subject to the laws of another state or that requires any litigation, arbitration, or dispute resolution to take place in another state is against public policy. Such a provision is void and unenforceable."

Similarly, in *Mahar*,, the Second District found an otherwise *prima facie* valid forum selection clause unenforceable on public policy grounds, based on the language of section 2 of the Sales Representative Act (820 ILCS 120/2 (West 1992)), which "constitute[d] the legislature's pronouncement that protecting sales representatives is fundamental public policy in Illinois." *Mahar*, 267 Ill. App. 3d at 75. Specifically, the statute provided that "[a]ny provision in any contract between a sales representative and principal purporting to waive any of the provisions of this Act shall be void." 820 ILCS 120/2 (West 1992).

¶ 50        We turn to the statutes and caselaw of Illinois to determine whether the forum selection clause at issue in this case is unenforceable on public policy grounds. In doing so, our goal "is to ascertain and give effect to the intent of the legislature." (Internal quotation marks omitted.) *Earl v. Decatur Public Schools Board of Education*, 2015 IL App (4th) 141111, ¶ 13. To accomplish this, "the court examines the language of the statute, which is the most reliable indicator of the legislature's intent in enacting the law." *Id.*

¶ 51        In Illinois, eviction proceedings are governed by article IX of the Code (see 735 ILCS 5/art. IX (West 2024)). This statutory scheme provides the necessary procedures to maintain an action for possession of real property. See *id.* §§ 9-102, 9-104. As part of this process, the party claiming entitlement to possession of the property is required to file a complaint "in the circuit

- 16 -

court for the county where such premises are situated." *Id.* § 9-106. Only after the complaint is filed in the applicable circuit court will the clerk issue a summons to the party alleged to be unlawfully occupying the subject property. *Id.* This appears to have been the practice of Illinois courts dating back to the forcible entry and detainer statutes of the 1870s. See *Billings v. Chapin*, 2 Ill. App. 555, 557 (1878) ("The statute of forcible entry and detainer gives to the party entitled to the possession of the land the right to sue for and recover the same in the county where the premises are situated. [Citation.] By this statute the action is made local and confined to the county in which the land is located."). We note the special venue provision contained in section 9-106 departs from the general Illinois venue statute, which provides as follows:

"Except as otherwise provided in this Act, every action must be commenced (1) in the county of residence of any defendant who is joined in good faith and with probable cause for the purpose of obtaining a judgment against him or her and not solely for the purpose of fixing venue in that county, or (2) in the county in which the transaction or some part thereof occurred out of which the cause of action arose." 735 ILCS 5/2-101 (West 2024).

However, Article IX contains no provision limiting the ability of contracting parties to select an alternative forum to litigate disputes arising under leases involving Illinois real property or declaring such provisions void and unenforceable as against public policy.

¶ 52        Accordingly, we conclude the trial court erred when it found the forum selection clause contained in the lease agreement unenforceable on public policy grounds. We acknowledge the special venue statute, as well as history and practice, evinces a general presumption that eviction proceedings involving Illinois real property and tenants should be adjudicated in the county wherein such property is located. However, this court has found no specific provision of

the Illinois statutes or any precedent of the Illinois courts setting forth a legislative or judicial intent to invalidate or declare void a forum selection clause contained in a commercial lease agreement involving Illinois property. The Illinois legislature has expressed such a policy in other areas of the law—as evidenced by section 10 of the Building and Construction Contract Act—but has not done so in article IX of the Code, which governs eviction proceedings. Thus, we reject Project Is 43:19's reasoning that the existence of the special venue statute alone is evidence of a similar public policy as applied to this case. Although Project Is 43:19 cites *Keats v. Cates*, 100 Ill. App. 2d 177, 184 (1968), for the proposition there is a strong public policy of deciding issues of possession of Illinois real estate locally, its reliance on *Keats* is misplaced. As Vanderburgh House correctly notes in its brief, that case merely "confirms the validity of Illinois long-arm jurisdiction based on Illinois real estate, and the notion that Illinois courts have jurisdiction over Illinois real estate." See *id.* at 186 (holding Illinois circuit court had jurisdiction under long-arm statute over California executor of decedent's estate for purpose of determining ownership of Illinois real estate and accounting for rents therefrom). This is not akin to announcing a public policy to invalidate forum selection clauses in commercial leases negotiated at arms-length between equally sophisticated business entities.

¶ 53          b. Invalidation based on Unreasonableness or Inconvenience

¶ 54          Alternatively, Project Is 43:19 maintains this court may affirm on any basis supported by the record. *Gowler v. Ferrell-Ross Co.*, 206 Ill. App. 3d 194, 213 (1990). Adopting and incorporating into its brief the arguments contained in its response to Vanderburgh House's motion to dismiss, it claims the record supports a conclusion that enforcement of the forum selection clause would be unreasonable and burdensome. Specifically, Project Is 43:19 directs this court to the affidavit of Akinpetide, which was attached to its response. In the affidavit, Akinpetide

asserted he had no ties to Massachusetts; he conducted no business there; the forum selection clause was prepared by Vanderburgh House and "not bargained for"; and it would be impracticable, inconvenient, and a financial hardship for him and other witnesses to litigate this case there.

¶ 55 Assuming for purposes of addressing Project Is 43:19's argument that Illinois law, which it relies upon, applies here, the trial court also would have erred in finding the clause unenforceable based on unreasonableness or inconvenience. As noted *supra*, "[a] choice of forum, which is made during an arm's-length negotiation between experienced and sophisticated businessmen, should be honored by the parties and enforced by the courts, absent some 'compelling and countervailing reason' why it should not be enforced." *Calanca*, 157 Ill. App. 3d at 88 (quoting *The Bremen*, 407 U.S. at 12). "[E]ven when one party claims inconvenience, if both parties freely entered the agreement contemplating such inconvenience should there be a dispute, one party cannot successfully argue inconvenience as a reason for rendering the forum clause unenforceable." *Id.* Although Akinpetide averred the clause was not discussed between the parties or bargained for, Akinpetide nonetheless signed the lease, indicating he assented to its terms and contemplated the inconvenience of litigating any issues in Massachusetts. Moreover, Akinpetide and Project Is 43:19 have at no point claimed the clause was induced by fraud or deception (see, *e.g.*, *Brandt v. MillerCoors, LLC*, 2013 IL App (1st) 120431, ¶ 23) or that it was in a position of unequal bargaining power such that it was an unfair contract of adhesion (see, *e.g.*, *Mellon First United Leasing v. Hansen*, 301 Ill. App. 3d 1041, 1045-46 (1998)).

¶ 56 Furthermore, the reasonableness factors used by Illinois courts would not militate against enforcement of the forum selection clause in this case. Those factors include:

"(1) which law governs the formation and construction of the contract; (2) the

- 19 -

residency of the parties; (3) the place of execution and/or performance of the contract; (4) the location of the parties and the witnesses participating in the litigation; (5) the inconvenience to the parties of any particular location; and (6) whether the clause was equally bargained for." *Id.* at 1046.

¶ 57 Applying these factors, the record shows the lease is governed by Massachusetts law. Project Is 43:19 is an Arizona limited liability company, and Vanderburgh House is a Massachusetts limited liability company. The contract is primarily to be performed in Illinois. Although Project Is 43:19 claimed that the witnesses in this case were primarily located in or would travel to Sangamon County, Illinois, its only witness at the bench trial was Akinpetide, who traveled from Arizona. Vanderburgh House's only witness was in Massachusetts. Thus, one of the two total witnesses was in Massachusetts, while none resided in Illinois. As to the fifth factor, Worcester County, Massachusetts, would be convenient for Vanderburgh House as its principal place of business. Project Is 43:19 claims Illinois would be more convenient than Massachusetts, but Akinpetide would be required to travel from Arizona under either circumstance. Finally, Akinpetide's affidavit supports a conclusion Project Is 43:19 did not equally bargain for the forum selection clause, and the lease was prepared by Vanderburgh House's representative.

¶ 58 Considering these factors together, almost none of them weigh in favor of litigating this case in Illinois besides the third, *i.e.*, the location where the contract is to be performed. Most significantly, none of these factors indicate Massachusetts would be a "*seriously* inconvenient" forum to litigate the issues presented in this case. (Emphasis in original and internal quotation marks omitted.) *Calanca*, 157 Ill. App. 3d at 88. As noted above, none of the witnesses who planned to testify at trial actually resided in Illinois; Akinpetide traveled from Arizona, and Foote was in Massachusetts. Neither party is an Illinois business. On review of the receipts and travel

documents submitted by Project Is 43:19 in support of its petition for attorney fees and costs, this court can conceive of no reason why travel to Massachusetts would be appreciably more burdensome or inconvenient than traveling to Illinois. There is nothing in the record supporting a finding that Project Is 43:19 would be effectively deprived of its day in court if required to litigate the issues in this case in Massachusetts. See *id.* (quoting *The Bremen*, 407 U.S. at 18).

¶ 59         In sum, we conclude the trial court erred when it concluded the forum selection clause contained in the lease was void on public policy grounds. Moreover, this court finds no other compelling or countervailing reason why the forum selection clause should not have been enforced.

¶ 60         Having concluded the trial court's determination was erroneous, we now consider the proper disposition of this matter. We note Vanderburgh House brought its motion to dismiss under section 2-615 of the Code (735 ILCS 5/2-615 (West 2024)), alongside its objection to personal jurisdiction under section 2-301 of the Code (*id.* § 2-301). While a combined motion to dismiss and an objection to personal jurisdiction is permissible (see *id.* § 2-301(a)), the existence of a valid forum selection clause is considered an "affirmative matter" outside the complaint that bars the cause of action and constitutes grounds for dismissal under *section 2-619* of the Code (*id.* § 2-619). *Eckhardt v. The Idea Factory, LLC*, 2021 IL App (1st) 210813, ¶ 9. In contrast, motions brought under section 2-615 are intended to attack the sufficiency of the complaint based on defects appearing on its face. See 735 ILCS 5/2-615 (West 2024); *Reynolds v. Jimmy John's Enterprises, LLC*, 2013 IL App (4th) 120139, ¶ 25. However, where the nonmoving party was not prejudiced by such a mislabeling, and the interests of judicial economy will be served, a reviewing court will treat the improperly designated motion to dismiss as if it were properly designated when filed. *Prate Roofing & Installations, LLC v. Liberty Mutual Insurance Corp.*, 2022 IL App (1st)

191842-B, ¶ 47. We conclude this is one of such cases. Here, Project Is 43:19 was provided the opportunity to respond to Vanderburgh House's improper venue claim in its memorandum in opposition to the motion to dismiss, and the trial court heard arguments and evidence on the same at the hearing on May 22, 2024. We further observe neither of the parties dispute that count IV, the request for a declaratory judgment regarding the option agreement, was a claim "concerning [the] lease" for purposes of the forum selection clause. Accordingly, we reverse the trial court's judgment and remand with directions to enter an order dismissing the case without prejudice for Project Is 43:19 to refile its claims in Worcester County, Massachusetts.

¶ 61    Because we find this issue dispositive, we need not address Vanderburgh House's claim related to the default judgment.

¶ 62                        III. CONCLUSION

¶ 63    For the reasons stated, we reverse the trial court's judgment and remand with directions to enter an order dismissing the case without prejudice for Project Is 43:19 to refile its claims in Worcester County, Massachusetts.

¶ 64    Reversed and remanded.

*Project Is 43:19, LLC v. Vanderburgh House, LLC*, **2025 IL App (4th) 241194**

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Sangamon County, No. 24-EV-470; the Hon. Rudolph M. Braud Jr., Judge, presiding. |
| **Attorneys for Appellant:** | Michael A. Rosenhouse, of Northbrook, for appellant. |
| **Attorneys for Appellee:** | Donald M. Craven and Joseph A. Craven, of Donald M. Craven, P.C., of Springfield, for appellee. |